Mearl W. Deremer, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and R. J. Glass, Inc. et al., Respondents.

416

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*T. Dean Lower,* for petitioner.

*John Bagnato,* with him *Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for respondents, R. J. Glass, Inc. and Pennsylvania National Mutual Casualty Insurance Company.

OPINION BY JUDGE BLATT, August 21, 1981:

Mearl W. Deremer (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's order suspending his compensation benefits.

The claimant was employed as a truck driver by R. J. Glass, Inc. (employer), and he suffered a job-related injury to his shoulder as a result of a vehicle collision on February 17, 1975. He was thereafter paid compensation for temporary total disability. On August 28, 1975, he underwent a physical examination as requested by the employer, and the employer's physician reported that he was able to return to work as of August 28, 1975. The employer then filed a termination petition asserting that the claimant was able to return to work on August 28, 1975 and that benefits should be terminated as of that date. Although the claimant produced the testimony of several physicians who stated that he was totally disabled, the referee then relied upon contrary testimony and determined that the claimant was able to return to work. He noted, however, that the claimant may still suffer some residual continuing disability, so he suspended but did not terminate benefits, and the Board affirmed this order. The claimant contends here that the referee's findings were not based on substantial evidence[1] and that the referee and the Board improperly denied him reimbursement for medical fees incurred after August 28, 1975.

Our review of the record leads us to agree with the referee's finding that the claimant was able to return to work, which we believe was supported by substantial evidence. Five physicians testified as to the nature of the claimant's shoulder injury, but only one testified that there was any objective symptoms of injury. The other testimony indicates that the claimant

---

[1] In a workmen's compensation case where, as here, the party with the burden of proof prevailed below, review by this Court is to determine whether the necessary findings of fact were supported by substantial evidence. *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 247, 409 A.2d 516 (1980).

continues to suffer pain as a result of his shoulder sprain but that the pain cannot be followed to an objective cause. The physicians were divided as to whether or not the claimant was able to return to work. The referee's determination therefore hinged on questions of credibility and on the weight to be afforded conflicting evidence, and, because he is the final arbiter over such questions in cases where the Board took no additional evidence, we will not disturb the referee's findings when they are supported by substantial evidence. *Crouse v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981).

The referee and the Board also held that the claimant was not entitled to receive payment for certain medical expenses which he incurred during 1975 and 1976. Reasoning that medical service expenses are reimbursable under Section 306(f) of The Workmen's Compensation Act,[2] 77 P.S. §531, only if the claimant is suffering from a compensable injury at the time that the expenses are incurred, the referee and the Board concluded that he was not entitled to reimbursement here because his injury was no longer compensable in view of the fact that he was able to return to work. We recognize that the Board's construction of Section 306 is consistent with our prior interpretations, but we must also note that Section 306 has undergone significant changes which now require reconsideration of its provisions.

Prior to the 1972 amendment of the Act, Section 306(f)[3] provided in relevant part:

During the first twelve months after disability begins, the employer shall furnish reason-

---

[2] Act of June 2, 1915, P.L. 736, *as amended.*
[3] Repealed by the Act of March 29, 1972, P.L. 159.

able surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. . . . The board may order further medical, surgical and hospital services, *if it is established that further care will result in restoring the injured employe's earning power to a substantial degree.* (Emphasis added.)

We have held that this language of the former statute required that an employee must have a compensable injury in order to obtain medical service expenses from the employer. *Chabotar v. S. Klein Department Store,* 26 Pa. Commonwealth Ct. 572, 364 A.2d 970 (1976). Thus, because compensable disability is synonymous with loss of earning power, and because an injury ceases to be compensable when the employee can return to work,[4] we believe that the claimant here could not obtain medical service expenses when his compensation was suspended after his return to work. The claimant, therefore, would have been ineligible for reimbursement under the pre-1972 statute. The 1972 amendment to the Act,[5] however, deleted the above language of Section 306 concerning loss of earning power, and Section 306 was again amended in 1978 so that subdivision 4 of the section now provides:

[T]he employer shall provide payment for medicines and supplies, hospital treatment, services and supplies and orthopedic appliances and protheses. . . . *The provisions of this section shall apply in injuries whether or not loss of earning power occurs.* (Emphasis added.)

---

[4] *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 134, 415 A.2d 450 (1980).

[5] Act of March 29, 1972, P.L. 159.

Act of July 1, 1978, P.L. 692, 77 P.S. §531. As of the effective date of the 1978 amendments, therefore, a showing that an injury had resulted in loss of earnings was no longer required to permit an employee to receive reimbursement for medical service expenses.

The medical service expenses in question here were incurred on an ongoing basis from December of 1975 through December of 1976. At the time of their incurrence, therefore, Section 306 was silent as to any necessity that the injury for which medical treatment was sought must have caused a loss of earning power.

The deletion of statutory language by the legislature renders the language inoperative and indicates that the legislature has admitted a different intent. See *Commonwealth v. Bigelow*, 484 Pa. 476, 399 A.2d 392 (1979). And when, as here, the legislature has deleted statutory language governing a particular issue, and then, after an interval during which the statute is silent on that issue, it has amended the statute to create an opposite result, we believe that the legislature very probably intended that result from the time of the first deletion. We will hold, therefore, that the fact that the claimant's injury was no longer compensable does not in and of itself preclude him from obtaining reimbursement of medical expenses under Section 306 of the Act.

We will remand the record to the Board for consideration as to whether or not the medical service expenses incurred by the claimant *otherwise* meet the requirements of Section 306 to be eligible for reimbursement of medical service expenses.

ORDER

AND Now, this 21st day of August, 1981, the order of the Workmen's Compensation Appeal Board is affirmed in part and reversed in part and the record

is remanded for further proceedings consistent with this opinion to determine whether or not the claimant, Mearl W. Deremer, is entitled to reimbursement for medical service expenses pursuant to Section 306 of The Pennsylvania Workmen's Compensation Act.