603 A.2d 291

**CONSOLIDATED FREIGHTWAYS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (JESTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 1991.

Decided Feb. 3, 1992.

George M. Evan and Gretchen J. Fitzer, for petitioner.

No appearance for Respondent.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

CRAIG, President Judge.

Consolidated Freightways (employer) appeals a decision of the Workmen's Compensation Appeal Board that (1) affirmed a referee's order granting the employer's termination petition and (2) reversed the referee's order limiting the employer's responsibility for medical expenses to those incurred before March 16, 1988. We affirm the board's decision except that portion which reverses the referee's order limiting the employer's responsibility for the claimant's medical expenses.

This case presents a need for this court to address a question which Judge Barbieri, in his treatise on workmen's compensation law, has described as one not yet answered. Does an employer's responsibility for a claimant's future medical expenses cease when the employer's petition to terminate the claimant's benefits is granted? See Barbieri, Pa.Work.Comp. § 5.26(4) (1975).

This court has held that liability for medical expenses can continue during a period when compensation payments have been suspended. *Deremer v. Workmen's Compensation Appeal Board*, 61 Pa.Commonwealth Ct. 415, 433 A.2d 926 (1981). This court has also held that an employer's liability for medical expenses can continue after execution of a final receipt. *Brown v. Workmen's Compensation Appeal*

*Board (Borough of New Eagle),* 137 Pa.Commonwealth Ct. 575, 587 A.2d 34 (1991) (*Brown* II).

In contrast to these principles, that medical expenses related to a work-related *injury* can continue after either a suspension of compensation payments or the execution of a final receipt has evidenced the cessation of disability, the underlying question in this case is whether the granting of a termination petition negates continuation of liability for medical expenses for the injury, as well as compensation for the disability.

The facts as found by the referee are as follows. On August 3, 1987, the claimant sustained a work-related injury. He received disability benefits from August 3, 1987, until November 19, 1987, when he returned to work on a part-time basis. The claimant returned to full-time work on December 3, 1987, and executed a final receipt on January 7, 1988.

The claimant continued working until January 26, 1988. On June 17, 1988, he filed a petition to set aside the final receipt, averring that all disability associated with his work-related injury had not ceased when he executed the final release and seeking a reinstatement of benefits effective January 27, 1988. On February 6, 1989, the employer filed a petition to terminate or suspend the claimant's benefits.

The referee found that the claimant's disability from his work-related injury ceased on March 16, 1988, rather than January 7, 1988, the date on which the claimant executed a final receipt.

Thus, the referee concluded that the claimant was entitled to compensation benefits from January 27, 1988, to March 16, 1988, set aside the final receipt and granted the employer's termination petition, deeming termination to be effective March 16, 1988. Additionally, the referee's order limited the employer's obligation to pay the claimant's medical expenses to those expenses incurred from January 7, 1988, to March 16, 1988.

Both the claimant and employer appealed the referee's decision to the Workmen's Compensation Appeal Board. On appeal, the board affirmed the referee's decision to set aside the final receipt and to grant the employer's termination petition. However, the board reversed that portion of the referee's order relieving the employer of responsibility for medical expenses the claimant incurred after March 16, 1988, and ordered the employer to continue payment for all reasonable medical expenses incurred as a result of the claimant's work-related injury.

The employer filed a petition for review with this court, arguing that when an employer successfully petitions for a termination of its liability, the employer is not responsible for medical expenses incurred after the date of termination.[1] The claimant has not filed a response or brief in this case.

The board relied on this court's decision in *White v. Workmen's Compensation Appeal Board (Gateway Coal Co.)*, 103 Pa.Commonwealth Ct. 397, 520 A.2d 555 (1987), in reaching its decision. However, the relevant holding in *White* is only that a referee cannot, on his own initiative, reduce a medical fee award where the employer did not specifically request such relief. As noted above, this court has not yet addressed the issue of whether an employer's responsibility for a claimant's future medical expenses terminates as a matter of law when the claimant's benefits are terminated.

In *Deremer*, this court construed Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act),[2] which relates to reimbursement of medical expenses, in a case involving a claim for reimbursement of medical expenses incurred during a period when compensation payments had

1. Our scope of review is limited to determining whether there has been an error of law, a constitutional violation or whether the necessary findings of fact are not supported by substantial evidence. *McAfee v. Workmen's Compensation Appeal Board (Allegheny General Hosp.)*, 134 Pa.Commonwealth Ct. 562, 579 A.2d 1363 (1990).

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(4).

been *suspended.* Section 306(f) provides that "[t]he provisions of this section shall apply in injuries whether or not loss of earning power occurs."

This court first noted that, under the *former* version of Section 306(f), an employee was required to have a *compensable* injury in order to obtain medical expenses from an employer. *See e.g., Chabotar v. S. Klein Department Store,* 26 Pa.Commonwealth Ct. 572, 364 A.2d 970 (1976). However, this court also noted that loss of earning power is synonymous with compensable disability and, accordingly, that the *present* version of Section 306(f) applies in injuries whether or not there is a compensable disability. This court stated that "the fact that claimant's injury [is] no longer compensable does not in and of itself preclude him from obtaining reimbursement of medical expenses." *Id.,* 61 Pa.Commonwealth Ct. at 420, 433 A.2d at 929. See also *Dasconio v. Workmen's Compensation Appeal Board (Aeronca, Inc.),* 126 Pa.Commonwealth Ct. 206, 559 A.2d 92 (1989).

Accordingly, this court reasoned that the legislature's amendment of Section 306 indicated its intent that a claimant not be required to have a compensable disability in order to recover reimbursement of medical expenses and, therefore, that an employer's liability for medical expenses continued after the claimant's benefits were suspended.

■ An employer may petition for review of the medical costs after a suspension has been granted. *See, Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.),* 104 Pa.Commonwealth Ct. 175, 521 A.2d 503 (1987), *appeal denied* 516 Pa. 644, 533 A.2d 714 (1987); and *Johnson v. Workmen's Compensation Appeal Board (Albert Einstein Medical Center),* 137 Pa.Commonwealth Ct. 176, 586 A.2d 991 (1991). However, an employer may not unilaterally cease paying a claimant's medical expenses after a suspension has been granted but pending a petition for review.

Thus, an employer is required to continue providing payment for medical services after a claimant's benefits have been suspended until a petition for review of the medical costs has been granted in the employer's favor. However, *Glinka* and *Johnson* did not decide whether payments for medical services must continue after the benefits are terminated, as compared to suspended.

In *Fuhrman v. Workmen's Compensation Appeal Board (Clemen's Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), this court held that the statute of limitations provision in Section 434 of the Act, 77 P.S. § 1001, does not bar a claim for medical expenses incurred more than three years after the signing of a final receipt. *See* Barbieri, Pa.Work.Comp. § 6.33(2) (1991).

Citing *Fuhrman,* this court held in *Brown* II that execution of a final receipt does not in and of itself preclude a claimant from receiving reimbursement of medical expenses under Section 531. Again, however, this court has never addressed the question of whether an employer's liability for medical expenses continues after a termination petition has been granted.

The employer argues that, because a petition for termination of benefits can only be granted when all disability has ceased, an employer's responsibility to reimburse the claimant for his medical services also ends when a petition for termination has been granted. We agree.

A suspension of benefits is not identical to a termination of benefits. Unlike a suspension, which is proper when a work-related disability exists but does not manifest itself in a loss of earning power, a termination of benefits is granted only when a work-related disability ceases *entirely.* As this court stated in *Sule v. Workmen's Compensation Appeal Board (Kraft, Inc. et al.)*, 121 Pa.Commonwealth Ct. 242, 550 A.2d 847 (1988), *appeal denied* 522 Pa. 608, 562 A.2d 829 (1989):

[a] termination of benefits is proper only when the work-related injury ceases entirely.... A suspension of benefits is the appropriate remedy where medical disability

exists but it does not manifest itself in a loss of earning power.

121 Pa.Commonwealth Ct. at 245–246, 550 A.2d at 849 (citations omitted.)

In *Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 31, 578 A.2d 69 (1990) (*Brown* I), *appeal denied* 527 Pa. 652, 593 A.2d 423 (1991), this court said that

> [a] termination of benefits may not be based on the mere finding that a claimant could return to work. A termination may be based only upon a finding supported by substantial evidence that the disability ceased.... Finding that the claimant was able to return to work without more will not support an order to terminate benefits.... Unequivocal medical evidence establishing that a claimant is still partially disabled but can return to work, supports a suspension of benefits.

134 Pa.Commonwealth Ct. at 35, 578 A.2d at 71 (citations omitted.)

Furthermore, in *Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 584 A.2d 301 (1990), our Supreme Court noted the distinctions between suspensions and terminations, and stated that "a termination of benefits must go hand-in-hand with a termination of the liability of an employer." 526 Pa. at 32, 584 A.2d at 304.

Section 306(f), which applies "in *injuries* whether or not loss of earning power occurs," is also not controlling here because, as noted above, a petition to terminate is only granted when there is no longer any injury. As our Supreme Court concluded in *Pieper*, because there is no longer any disability for which an employer is liable, the granting of a termination petition "must go hand-in-hand" with a termination of the employer's liability. *Id.*

We hold today that an employer's responsibility for a claimant's medical expenses ceases when a petition to terminate benefits is granted. Accordingly, the employer is not

required to file a petition for review of those expenses after the petition to terminate is granted.

■ We here make a clear distinction for the guidance of all interests involved. After a suspension of benefits or execution of a final receipt, the employer has the burden of petitioning to end liability for medical expenses, but, when a termination is sought, the claimant must make a case for continuing medical expense payments, if warranted.

In the present case, although the referee granted the employer's petition to terminate as of the date that the claimant's disability ceased, the employer is required to pay all medical bills incurred up to the date the referee's order is entered. *Boehm v. Workmen's Compensation Appeal Board (UPS)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990).

In this case, because all of the employer's liability ceased when the claimant's benefits were terminated, the employer is not responsible for any medical expenses the claimant incurred after August 15, 1989, the date of the referee's order granting the termination petition.

## ORDER

Now, February 3, 1992, the decision of the Workmen's Compensation Appeal Board, dated December 26, 1990, at No. A89–2142, is affirmed with respect to the referee's decision granting the claimant's petition to set aside the final receipt and granting the employer's petition to terminate. The board's decision is reversed with respect to the employer's responsibility for the claimant's medical expenses on and after August 15, 1989.