**BETHLEHEM STEEL CORPORATION,**
**Petitioner,**

v.

**WORKMEN'S COMPENSATION**
**APPEAL BOARD (RANDALL),**
**Respondent.**

**Thomas A. RANDALL, Petitioner,**

v.

**WORKMEN'S COMPENSATION AP-**
**PEAL BOARD (BETHLEHEM STEEL**
**CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 6, 1994.
Decided Jan. 26, 1995.

---

James E. Pocius and Ross A. Carrozza, for petitioner/respondent, Bethlehem Steel Corp.

Harold B. Fink, Jr., for respondent/petitioner Thomas A. Randall.

Before DOYLE and NEWMAN, JJ., and SILVESTRI, Senior Judge.

DOYLE,[1] Judge.

Before the Court are the cross appeals of Thomas Randall (Claimant) and Bethlehem Steel Corporation (Employer) from an order of the Workmen's Compensation Appeal Board which affirmed a referee's decision denying Claimant's petition for reinstatement of compensation benefits, but ordering reimbursement for medical and travel expenses.

---

1. This matter was reassigned to the opinion writer on September 27, 1994.

Claimant suffered an injury to his back on December 15, 1983. He received compensation benefits until September 27, 1985, when a referee's order was entered which granted Employer's petition for termination of benefits, effective October 12, 1984.

Thereafter, Claimant testified that he attempted to return to work on October 7, 1985. Mr. Madden, a supervisor of employee relations, spoke with Claimant before he visited the company doctor, Dr. Taylor; a pre-employment requirement. Claimant met with Mr. Madden and Thomas Kline, a representative of the union. When he arrived, Claimant was using a cane and was unable to climb steps. The referee made the following findings:

8. The claimant attempted to return to work on October 7th. Mr. Madden said "I can see that you are not physically fit, there is no need to waste Dr. Taylor's time."

9. Mr. Madden asked the claimant if he was ready to return to work. The claimant, the first time, did not respond. The second time, he said "what does the doctor say" meaning Dr. Cipolla.

. . . .

11. Mr. Kline indicated that he recalled a conversation about the claimant's return to work to the effect that Mr. Madden nodded at the claimant and said "it's obviously you are not ready to return to work". He did not remember any direct questions about being able to return to work.

(Referee's Decision 4/30/87, Findings of Fact Nos. 8–9, 11.)

Both Claimant and Employer presented medical testimony before the referee, who found convincing the testimony of Employer's medical witness that Claimant was able to return to work without restriction. The referee further stated that he found convincing testimony to the effect that Claimant suffered from some residual disability that was due to his work-related injury. Having concluded that Claimant had established that his injury recurred such that he needed medical treatment and that the medical bills were reasonable and necessary for the treatment of his work-related condition, the referee held Employer responsible for the costs of said medical treatment and any associated travel expenses. However, having also concluded that Employer had established that Claimant was capable of returning to work without restriction, the referee held that Claimant's benefits should be suspended. Thus, the referee granted Claimant's reinstatement petition, but suspended benefits as of October 7, 1985. The referee further ordered Employer to pay Claimant's medical bills and travel expenses associated with the treatment of his condition.

Both parties appealed to the Board. The Board, after considering the referee's decision, found that his findings relative to Claimant's attempted return to work and his finding that Claimant could return to work without restriction, incomplete and inconsistent. Accordingly, it remanded the matter directing the referee to consider *Skurkey v. Workmen's Compensation Appeal Board (Foster–Wheeler Corp.)*, 110 Pa.Commonwealth Ct. 81, 531 A.2d 883 (1987)[2], and to make a finding as to whether Claimant could perform his job while using a cane and unable to negotiate steps. The Board, however, affirmed the referee's award of medical and travel expenses.

On remand, the referee held hearings and found that Claimant was not a credible witness. He concluded, therefore, that "[a]lthough, ostensibly, the Claimant was applying for work as a laborer, his demeanor belied a serious application for employment." (Referee's Decision 3/2/92, Finding of Fact No. 33.) Accordingly, the referee found that Claimant's application was disingenuous, and that *Skurkey* did not apply.

**2.** In *Skurkey*, in reviewing a claim petition for disability benefits, the issue was whether the claimant attempted to return to work in January 1981 but was prohibited from doing so by employer's physician because of the possibility of continuing disability. This court held that it was necessary for the referee to determine whether the claimant was, in fact, prohibited from returning to work, and if so, whether the employer was thereby estopped from arguing that the claimant should have returned on November 26, 1980.

Further, the referee came to the following conclusions of law:

4. The undersigned Referee further concludes that, by affirming Referee Deeley's award of certain medical and travel expenses, the Board has concluded that the Claimant did carry his burden of demonstrating the injury related character of those expenses and that there was an ongoing need for compensable treatment.

5. Nonetheless, the foregoing conclusions do not change Referee Deeley's ultimate interpretation of the clear weight of the medical evidence that the Claimant was no longer suffering disability as a result of the effects of the work injury.

6. The undersigned Referee concludes that the Claimant has not carried his burden of demonstrating a change in condition such that the Claimant's disability would have resulted in a loss of earnings as of October 7, 1985.

7. But for the affirmance by the Board of Referee Deeley's award of medical and travel expenses, the undersigned Referee would have been inclined to simply dismiss the Claimant's Petition.

(Referee's Decision 3/2/92, Conclusions of Law Nos. 4–7.) Accordingly, the referee suspended Claimant's benefits as of October 7, 1985. The Board affirmed, basing the award of medical benefits on the first referee's finding that Claimant's injury had recurred, and finding that Claimant did not apply for reemployment in good faith and was, therefore, only entitled to a suspension. Both parties appeal to this Court.

### Compensation Benefits

Our review of the record reveals that Claimant did not sustain his burden of proving that his disability had recurred and that he was therefore entitled to reinstatement of compensation benefits.

■ Claimant's benefits were terminated, effective October 24, 1984, by order of a previous referee entered on September 23, 1985. This determination was never appealed. The legal effect of this termination is that as of October 24, 1984, all disability, that is loss of earning power, related to Claimant's work-related injury ceased, and Employer no longer had any liability for compensation benefits for that injury. *See Pieper v. Ametek–Thermox Instruments*, 526 Pa. 25, 584 A.2d 301 (1990). Obviously, then, Employer has no further burden of demonstrating available work, and was not obligated to rehire Claimant to his time of injury job.

■ In order to qualify for reinstatement of compensation benefits after the issuance of a termination in favor of employer, a claimant has the burden of establishing a causal connection between his current condition and the prior work related injury. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Since the effect of the termination order was that Claimant had fully recovered, to sustain his burden of proof for reinstatement Claimant had to prove that his disability had increased or had recurred since the prior award, and that his physical condition has changed. *Id.* The evidence presented by Claimant satisfied neither element of this test.

■ Claimant did not prove that his earning power was impacted in any manner since the prior award. The referee found that Claimant was able to work without restrictions. (Referee's Decision 4/30/87, Conclusion of Law No. 2.) Evidence that he attempted to apply for his time of injury job and was unsuccessful is not enough to prove an increase of loss of earning power, since Employer was under no obligation to rehire Claimant after the termination of his benefits.

Moreover, Claimant's medical testimony did not demonstrate that there was a change in Claimant's medical condition. His own doctor admitted on cross examination that his physical condition had remained virtually unchanged:

He's basically as far as I can tell, you know, within the limits of what I'm told, *he's been about the same* since '83, whenever he last worked, something like that. *I*

*see nothing on examining him either, if that's any help, that would indicate acute changes and that type of thing....*

(Deposition of Dr. Midmore at 12.) (Emphasis added.)

Since Claimant clearly failed to sustain his burden of proof, he was not entitled to a reinstatement of benefits and the Board must be reversed in this regard.

### Medical Benefits

However, we agree with the referee and the Board that Claimant is entitled to medical expenses after the date of his termination, September 27, 1985, because medical benefits are separate and distinct from compensation benefits.

■ We have held that "compensation" and "medical services" are generally two distinct concepts, *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *petition for allowance of appeal dismissed as improvidently granted*, 518 Pa. 59, 540 A.2d 267 (1988). Compensation generally refers to benefits paid for a claimant's loss of earning power, and medical services include medical and hospital expenses. *Id.* Undeniably, a claimant has a high standard of proof when petitioning for a reinstatement of compensation benefits after those benefits have been terminated. That is not the case, however, for proving an entitlement for reimbursement of medical expenses. The claimant only needs to prove that the medical expenses are reasonable and necessary and that they are work-related. Section 306(f) of the Workmen's Compensation Act (Act)[3], 77 P.S. § 531; *see also Canestrale v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel)* 160 Pa.Commonwealth Ct. 361, 634 A.2d 841 (1993) (entitlement to medical expenses pursuant to Section 306(f) of the Act, 77 P.S. § 531, is independent of a finding of disability under Sections 306(a) or (b) of the Act, 77 P.S. § 511 and § 512). Accordingly, even where a claimant's benefits have been terminated, he/she may receive reimbursement for medical expenses if he/she demonstrates that such

expenses are reasonable and necessary. Section 306(f), 77 P.S. § 531 (allowing medical care "as and when needed.").

■ Employer relies on *Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester)*, 145 Pa.Commonwealth Ct. 369, 603 A.2d 291 (1992), to support the proposition that Claimant is not entitled to reimbursement for medical expenses because his compensation benefits were terminated. However, this is not the precise holding of that case. In *Consolidated Freightways*, we only held that, after a termination of compensation benefits, an employer is not automatically required to pay medical expenses. However, a claimant may petition for review of those expenses, and the burden of proof in such a situation is on the claimant:

> We here make a clear distinction for guidance of all interests involved. After a suspension of benefits or execution of a final receipt, the employer has the burden of petitioning to end liability for medical expenses, but, when a termination is sought, *the claimant must make a case for continuing medical expense payments, if warranted.*

*Id.* at 376, 603 A.2d at 294–95 (emphasis added). The facts of this case warrant the payment of medical expense payments.

After hearing the medical testimony, and the testimony of Claimant, the referee specifically found

> the claimant highly credible that his medical bills were reasonable and related to treatment of his medical condition. He relied upon the opinions of the physicians in exploring treatment for his condition. *I thought they were reasonable and work related.*

(Referee's Decision 4/30/87, Finding of Fact No. 31.) (Emphasis added.) This finding, supported by substantial evidence, was affirmed by the Board, both before and after remand. Hence, Claimant should be reimbursed for his work related medical expenses which were incurred after the date of the

3. Act of June 2, 1915, P.L. 736, *as amended.*

218 ■

termination of his compensation benefits. In this respect, the Board is affirmed.[4]

SILVESTRI, Senior Judge, joins in reversing the Board's order reinstating benefits and dissents as to the award of medical expenses after September 27, 1985.

### ORDER

NOW, January 26, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed in part and reversed in part. With respect to that part of the Board's order, affirming the referee's award of medical expenses incurred after September 27, 1985, we affirm. The part of the Board's order granting Claimant's petition for reinstatement is hereby reversed.

---

**4.** Claimant also argues that the referee on remand did not follow the Board's order. We disagree. Although the majority of the second referee's findings of fact restate the findings of the first referee, he did make the additional findings required by the Board, and his conclusions were well within the scope of the Board's instructions. *See* Finding of Fact No. 36.