**SHIPLEY OIL COMPANY and Zurich American Insurance, Petitioners,**

v.

**The WORKMEN'S COMPENSATION APPEAL BOARD (LEHR), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 13, 1995.

Decided May 2, 1995.

(R.R. at 5a) (emphasis added).

Christopher C. Kain, for petitioners.

William E. Haggerty, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Before the Court is the appeal of Shipley Oil Company (Employer) from an order of the Workmen's Compensation Appeal Board which granted Ronald E. Lehr's (Claimant) petition for reinstatement.

Claimant suffered an injury to his lower back and left leg on January 12, 1988, while loading fuel onto his tractor trailer. He received disability benefits for this injury.

On November 27, 1989, Employer filed a petition for termination. By an order dated January 16, 1991, Referee[1] Jacqueline S. Jacobs granted Employer's petition as of August 7, 1989, based on the competent testimony of Dr. Eugene Salkind. Dr. Salkind testified that

j.  the Claimant had an underlying degenerative disc disease without involvement of either peripheral or central nervous systems, which disease was unrelated to his work injury;

k.  the Claimant's degenerative disease was unrelated to his work injury and did not effect his employable status;

. . . .

m.  the Claimant had no need for further medical treatment as a result of his work injury;

n.  the Claimant was fully capable of performing the [time of injury job]. . . .

(Findings of Fact No. 13(j)-(n).) Thus, the referee found that all work-related disability had ceased, and terminated Claimant's benefits. The Board affirmed the referee, and its decision was never appealed.

Claimant then attempted to return to work. Pursuant to regulations of the Interstate Commerce Commission (ICC), Claimant was required to undergo and pass a medical examination in order to qualify for his position as a truck driver. He was examined by the company doctor, Thaddeus Lekawa, M.D., on March 27, 1991, who wrote "disqualified" on Employer's physical examination form, noting Claimant's back pain; Claimant has not worked since his original injury.

1. Referees are now called Workers' Compensation Judges under the 1993 amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 701. *See* Act 44, Act of July 2, 1993, P.L. 190. However, since this case was heard by the referee prior to the effective date of the amendments, August 31, 1993, we will refer to the referee as such and not as a Workers' Compensation Judge.

Claimant filed a petition for reinstatement on September 23, 1991. After a hearing, the referee made the following relevant findings of fact:

4. Claimant has, since the accident, been treating with Dr. Joseph Conroy, a neurosurgeon located in the Philadelphia area whom claimant sees every three months.

5. Claimant testified that he has essentially the same medical problems he had in 1988. Claimant uses a cane when he ambulates a short distance and a walker for longer distances.... Claimant testified the weather affects his condition, with damp rainy weather making his pain worse. I find the claimant credible.

....

11. Between November 12, 1988 and the date of the physical examination on March 27, 1991, there were no incidents or accidents that would have caused claimant's medical problems.

12. After a review of the record this Referee finds that the claimant was found unable to perform his pre-injury job by the company doctor, Dr. Lekawa, with no intervening accident or injury and therefore claimant has suffered a recurrence of his prior disability and has established a causal connection between his current condition and the prior work related injury.

(Findings of Fact Nos. 4–12.) Based solely on the fact that Claimant was disqualified from performing his pre-injury job, the referee reinstated Claimant's benefits. Based on the same tenuous evidence the Board affirmed, holding that "Claimant failed [the] physical examination without any intervening injury. The necessary inference is that the Claimant's condition had, in fact, worsened." (Board Opinion at 3.) This appeal followed.

Employer argues that there was no substantial evidence to support a reinstatement and that the referee erred as a matter of law in basing his decision on an improperly admitted medical form.

■ Upon the termination of a claimant's compensation benefits, the employer's liability for those benefits ceases entirely. *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board (Randall)*, —— Pa.Commonwealth Ct. ——, 654 A.2d 213 (1995). In order to reinstate those benefits, the claimant must show that since the date of the termination his disability has increased or recurred. *Id.* Since the employer no longer carries any obligation to provide available work, the claimant must demonstrate that his physical condition has changed in some way; a claimant cannot simply show that his time of injury job is not available. *Id.*

■ First, both the Board and the referee made an unacceptable quantum leap in logic by assuming that Claimant's inability to pass the physical examination translated into a causal connection between his medical condition and his employment based only upon the absence of an "intervening accident or injury." Essentially, both ignore the fact that Claimant's benefits had been terminated and that the termination was based on the fact that any remaining physical disability Claimant had was a result of the non-work-related disc disease, and *not* his work-related injury. Clearly then, if any presumption could be made, it was that Claimant was fully recovered from his work injury and he was not able to pass his physical examination because of his non-work-related degenerative disc disease.

Second, not only did Claimant fail to demonstrate that his physical condition was related to his work injury and not to his non-work-related disc disease, but he also did not provide *any* evidence that his condition had changed in any way.[2] Claimant himself testified that his condition was essentially the same problem. (Notes of Testimony at 7; Reproduced Record at 41.) The referee found Claimant credible and made the finding of fact that Claimant "has essentially the same medical problems he had in 1988."

---

**2.** The only medical evidence offered by Claimant was a letter and office note from Dr. Joseph Conroy, who had treated Claimant since the accident. While noting Claimant's pain, and Dr.

Conroy's belief that this pain is work-related, there is no mention of a change in Claimant's physical condition since the date his benefits were terminated.

(Finding of Fact No. 5.) We fail to see how any reasonable mind could find that Claimant sustained his burden to establish a change in his physical condition given these sparse facts.

 Just as an employer may not use a termination petition to relitigate the work relatedness of a certain injury, *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983), so too a claimant cannot relitigate a termination order under the guise of a petition for reinstatement. The order of the Board is reversed.[3]

### ORDER

NOW, May 2, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed.

---

**3.** Because of our disposition of this case, we need not reach Employer's other argument.