679 A.2d 765

**BETHLEHEM STEEL CORPORATION, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(Thomas A. RANDALL), Appellee.**

Supreme Court of Pennsylvania.

Submitted April 22, 1996.

Decided July 18, 1996.

Reargument Denied Sept. 16, 1996.

James E. Pocious, Maureen E. Calder, for Appellant.

Thomas A. Randall, Pro Se.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

*OPINION OF THE COURT*

FLAHERTY, Justice.

This is an appeal by allowance from an order of the Commonwealth Court which affirmed in part and reversed in part an order of the Workmen's Compensation Appeal Board (Board). At issue is whether medical expenses can be awarded to a worker whose compensation benefits have been terminated.

In 1983, Thomas A. Randall (claimant) suffered a work-related injury to his back while employed as a laborer at the Bethlehem Steel Corporation (Bethlehem). Claimant was provided compensation benefits until September 27, 1985, at which time a workmen's compensation judge, Judge Deeley, granted Bethlehem's petition to terminate benefits. Benefits were terminated effective October 12, 1984.

After receiving notice that his benefits were terminated, claimant reported to work on October 7, 1985. However, because he was walking with a cane and asserted an inability to go up steps, he was not permitted to return to his job.

Claimant subsequently filed a petition for reinstatement of benefits. Following a hearing, Judge Deeley concluded that claimant's injury had recurred. Judge Deeley also determined, however, that claimant could return to work without restriction and without loss of wages. Accordingly, he granted the reinstatement petition in part, and ordered that claim-

ant's compensation benefits be suspended effective October 7, 1985. (In effect, therefore, benefits were reinstated from October 12, 1984 until October 7, 1985.) Further, Bethlehem was ordered to pay medical expenses that claimant incurred after his compensation benefits were terminated.

An appeal was taken to the Board, whereupon the award of medical expenses was affirmed and the remainder of Judge Deeley's decision was reversed and remanded on the basis that his findings of fact were incomplete and inconsistent. On remand, a different workmen's compensation judge, Judge Baldys, was assigned to the case. Additional hearings were conducted. Judge Baldys concluded that claimant was not a credible witness, that claimant's offer to return to work on October 7, 1985 was not made in good faith, and that claimant was not precluded from returning to work by any effects of his work injury. Accordingly, Judge Baldys ordered that benefits be suspended as of October 7, 1985. He indicated, however, that were it not for the fact that the Board had already affirmed Judge Deeley's decision awarding medical expenses, he would simply have dismissed claimant's petition.

An appeal was again taken to the Board, and the decision of Judge Baldys was affirmed.

An appeal to the Commonwealth Court ensued. That court held that claimant's benefits had been terminated effective October, 1984, and that claimant failed to sustain his burden of proving a recurrence of his disability that would have entitled him to a reinstatement of benefits; hence, the court reversed the portion of the Board's order which affirmed the reinstatement of benefits through October 7, 1985. The Board's order was affirmed, however, to the extent that it allowed claimant to be compensated for medical expenses incurred after September 27, 1985, the date when the order terminating compensation benefits was issued.

At issue is whether the Commonwealth Court erred in holding that claimant can be awarded medical expenses incurred after compensation benefits were terminated. Bethlehem contends that the Commonwealth Court's holding was

inconsistent with that court's own precedents and our decision in *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990). We agree, and thus reverse.

In *Consolidated Freightways v. Workmen's Compensation Appeal Board,* 145 Pa.Cmwlth. 369, 603 A.2d 291 (1992), the Commonwealth Court addressed the question of whether an employer's liability for medical expenses continues after a termination petition has been granted. The court stated:

> The employer argues that, because a petition for termination of benefits can only be granted when all disability has ceased, an employer's responsibility to reimburse the claimant for his medical services also ends when a petition for termination has been granted. We agree.

> A suspension of benefits is not identical to a termination of benefits. Unlike a suspension, which is proper when a work-related disability exists but does not manifest itself in a loss of earning power, a termination of benefits is ·granted only when a work-related disability ceases *entirely.*

> . . . .

> Furthermore, in *Pieper v. Ametek–Thermox Instruments Div.,* 526 Pa. 25, 584 A.2d 301 (1990), our Supreme Court noted the distinctions between suspensions and terminations, and stated that "a termination of benefits must go hand-in-hand with a termination of the liability of an employer." 526 Pa. at 32, 584 A.2d at 304.

*Id.* at 374–75, 603 A.2d at 294. Thus, *Consolidated Freightways* held that an employer's responsibility for a claimant's medical expenses ceases when a petition to terminate benefits is granted. *Id.*

Similarly, in *Stonebraker v. Workmen's Compensation Appeal Board,* 163 Pa.Cmwlth. 468, 474, 641 A.2d 655, 658 (1994), the Commonwealth Court cited *Consolidated Freightways* for the rule that "an employer's liability for a claimant's medical expenses ends when a termination is granted. . . ." The court further noted:

> Numerous other decisions of this Court have reiterated the rule that an employer seeking to terminate its liability

to a claimant must continue to pay medical expenses incurred by the claimant up to the date of the referee's decision terminating the employer's liability.

*Id.* at 474, 641 A.2d at 658–59. Thus, under both *Consolidated Freightways* and *Stonebraker*, the date of the order terminating compensation benefits marks the end of the employer's liability for medical expenses.

Further, in *Pieper v. Ametek–Thermox Instruments Division*, supra, we described the effect of a termination of benefits:

A termination of benefits is supported by a finding that all disability related to a compensable injury has ceased. Since the employee has recovered from his disability, the employer is no longer obligated to compensate the employee for that injury . . . .

In any event, a termination of benefits must go hand-in-hand with a termination of the liability of an employer.

526 Pa. at 31–32, 584 A.2d at 304 (citations omitted). Thus, *Pieper* instructs that an employer's liability to an injured worker does not extend beyond the time when compensation benefits are terminated. To hold that an employer is liable for medical expenses incurred after a termination of compensation benefits would, therefore, be inconsistent.

Thus, the Commonwealth Court's decision allowing claimant to collect medical expenses after his benefits were terminated was inconsistent with that court's decisions in *Consolidated Freightways* and *Stonebraker* as well as our decision in *Pieper*. The order of the Commonwealth Court must, therefore, be reversed.

Order reversed.

NEWMAN, J., did not participate in the consideration or decision of this case.