**KEYSTONE COAL MINING CORPORATION,**
**Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FINK),**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 2, 2005.
Decided April 13, 2006.

Paul E. Sutter, Pittsburgh, for petitioner.

James J. Panchik, Kittanning, for respondent.

BEFORE: SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Keystone Coal Mining Corporation (Employer) petitions the Court for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) granting the petition to review medical treatment and/or billing filed by Claimant Roger Fink. Employer states the following question for review: "Is an Employer responsible for medical benefits after Employer's liability for payment of partial disability benefits has ceased and partial disability benefits have been exhausted?"

Fink sustained an injury in the nature of a herniated disk at the L4–L5 spine level on January 8, 1987 while working for Employer as a coal miner. On August 2, 1989, the parties entered into a supplemental agreement in which they agreed that as of February 20, 1989 Fink had an earning capacity of $148 per week in his position as a janitor with a new employer. They further agreed that Fink would receive weekly partial disability benefits at the rate of $361 for a maximum period of 500 weeks. Fink exhausted his 500 weeks of partial disability benefits on September 28, 1998.

## I

On September 15, 1998, Fink filed a petition to review compensation alleging an increase or a change in his disability as of September 9, 1998. Fink later amended his petition to include a petition for reinstatement of total disability benefits. The WCJ accepted testimony from Employer's medical witness that Fink could perform medium-duty work with no significant limitations, and he ultimately denied the petitions. The Board affirmed after concluding that the WCJ's decision was based on substantial, competent evidence and that Fink failed to meet his burden of proof. This Court affirmed in a memorandum opinion and order filed June 20, 2002, concluding that Fink did not prove a loss of earning capacity as of September 9, 1998 or that no jobs were available consistent with his limitations.

In July 2004 Fink filed his petition to review medical treatment and/or billing, the subject of the present matter before the Court. Fink alleged that Employer refused to pay reasonable and necessary medical expenses incurred to treat Fink's work injury. He also requested the assessment of a penalty and an award of attorney's fees. Employer responded that Fink's 500 weeks of partial disability benefits had ceased as of October 2, 1998 and that his claim was "in a termination status." At an August 2004 hearing, Fink submitted nine bills from Ahmed Elghazawi, M.D. for treatment from May 8, 2003 through July 14, 2004 totaling $612 and itemized prescription expenses from January 17, 2003 through June 18, 2004, totaling $103.61. Employer stipulated that they were work related.

Employer relied on *Diffenderfer v. Workmen's Compensation Appeal Board (Rabestos Manhatten, Inc.)*, 651 A.2d 1178 (Pa.Cmwlth.1994), as support for its view that Fink's exhaustion of 500 weeks of partial disability benefits and denial of his reinstatement petition were tantamount to a termination of benefits and that it therefore was no longer liable for medical benefits. In *Diffenderfer* the parties had agreed to suspend the claimant's benefits in a supplemental agreement after he exhausted 500 weeks of partial disability benefits. In upholding denial of his subsequent petition to reinstate total disability benefits, the Court stated that the term "suspended" was inartfully chosen and inappropriately used by the parties. It indicated that the status of "termination" would be more analogous since the employer's liability for partial disability benefits had ended and that because the claimant's ongoing inability to work at his time-of-injury job entitled him only to continued partial disability benefits, there was nothing left for him to receive.

In his decision, the WCJ cited Section 306(f.1)(1)(i) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(1)(i), which provides that an employer shall pay compensable medical expenses "as and when needed." The WCJ noted that no time limit is provided by that section or by any other in the Act, but he acknowledged that an employer is not liable for medical benefits after a termination petition has been granted. He concluded that use of the term "termination" in *Diffenderfer* was merely meant to clarify the status of the claimant's partial disability benefits.

The WCJ additionally concluded that *Diffenderfer* and the other cases cited by Employer do not imply a termination of Fink's benefits and that because his benefits had never been terminated Employer remained liable for payment of the work-related medical expenses. The WCJ granted Fink's petition and directed Employer to pay the submitted medical bills along with 10 percent interest thereon and

to continue paying medical expenses related to Fink's work injury. In addition, the WCJ awarded $1265 in unreasonable contest attorney's fees, but he refused to assess a penalty against Employer.

Employer argued on appeal to the Board that the WCJ misconstrued *Diffenderfer* and that an employer's liability for "compensation" under Section 301(a) of the Act, 77 P.S. § 431, is generally interpreted to include payment of both wage loss benefits and medical benefits and that expiration of the 500–week period under Section 306(b)(1), 77 P.S. § 512(1), extinguished not only partial wage loss benefits but extinguished medical benefits under Section 306(f.1)(1)(i) as well. Employer also challenged the WCJ's unreasonable contest award.

█ The Board recognized that *Diffenderfer* did not specifically address medical benefits, holding only that a claimant's right to partial disability indemnity benefits is exhausted upon the expiration of 500 weeks. The Board determined that Section 306(f.1)(1)(i) does not impose a 500–week time limit for medical benefits and that although an employer is not liable for medical expenses upon the granting of a termination petition, expiration of the 500–week period for partial disability benefits is not tantamount to a termination. The Board affirmed the granting of Fink's petition, but it reversed the attorney's fee award as Employer's contest was not unreasonable due to the paucity of authority directly on point.[1]

## II

Relying again on *Diffenderfer*, Employer argues before this Court that Fink's benefits are now in a "termination status" because he is no longer entitled to partial or total disability benefits. Employer claims that expiration of the 500–week period extinguished not only its liability to pay partial wage loss benefits under Section 306(b)(1) of the Act but its obligation to pay medical expenses under Section 306(f.1)(1)(i) as well. Citing *Berwick Indus. v. Workmen's Compensation Appeal Board (Spaid)*, 537 Pa. 326, 643 A.2d 1066 (1994), Employer contends that logic requires an interpretation of Section 306(b)(1), which extinguishes liability for compensation, as being parallel to Section 301(a), which establishes liability for compensation. Employer asserts that its liability for "compensation" under Section 301(a) includes not only partial disability benefits under Section 306(b)(1) but also reasonable surgical and medical services under Section 306(f.1)(1)(i); that the 500–week period under Section 306(b)(1) limits an employer's liability for medical expenses to the same 500 weeks; and that the Legislature did not intend an absurd result of holding an employer responsible for medical benefits *ad infinitum* after the exhaustion of partial disability benefits.

Fink maintains that his exhaustion of 500 weeks of partial disability benefits is not tantamount to a termination of benefits and that Employer remains liable for his medical expenses. He advances the position of the Board that Section 306(f.1)(1) of the Act provides no time limit on the payment of medical benefits, and he submits that Employer improperly relies on *Diffenderfer* to argue that the cessation of partial disability benefits equates to a termination of benefits and thus an end to

---

1. The Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, a practice or procedure of the Board was not followed or the findings of fact are supported by substantial evidence in the record. *Matticks v. Workers' Compensation Appeal Board (Thomas J. O'Hora Co., Inc.)*, 872 A.2d 196 (Pa.Cmwlth. 2005).

Employer's liability for paying medical benefits. By order of August 24, 2005, the Court dismissed as untimely Fink's cross-appeal of the Board's reversal of the WCJ's unreasonable contest attorney's fee award.

### III

■ The inquiry thus becomes whether Employer remains responsible for Fink's medical expenses under relevant provisions of the Act even though he no longer receives indemnity benefits due to exhaustion of his 500 weeks of partial disability benefits. Provisions of a statute must be interpreted in the context in which they appear and with reference to other pertinent provisions. *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Cmwlth.304, 627 A.2d 250 (1993), *aff'd*, 545 Pa. 70, 680 A.2d 823 (1994).

■ It is clear that an employer must pay medical expenses after indemnity benefits have been suspended until the employer's petition to review medicals is granted. *Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester)*, 145 Pa.Cmwlth.369, 603 A.2d 291 (1992). *See also Deremer v. Workmen's Compensation Appeal Board*, 61 Pa. Cmwlth. 415, 433 A.2d 926 (1981). However, an employer's liability does not extend beyond the time when compensation benefits are terminated. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Randall)*, 545 Pa. 22, 679 A.2d 765 (1996); *Consolidated Freightways. See also Pieper v. Ametek–Thermox Instruments Div.*, 526 Pa. 25, 32, 584 A.2d 301, 304 (1990) (holding that "a termination of benefits must go hand-in-hand with a termination of the liability of an employer").

Article III (Liability and Compensation), Section 301(a) of the Act provides in relevant part:

Every employer shall be liable for *compensation* for personal injury to, or for the death of each employe, by an injury in the course of his employment, and such *compensation* shall be paid in all cases by the employer, without regard to negligence, *according to the schedule contained in sections three hundred and six* and three hundred and seven of this article.... (Emphasis added.)

Section 306(b)(1) provides that the schedule of *compensation* for disability partial in character is "sixty-six and two-thirds per centum of the difference between the wages of the injured employe, as defined in section 309, and the earning power of the employe thereafter," and it provides that "[t]his *compensation* shall be paid during the period of such partial disability except as provided in clause (c) of this section, but for not more than five hundred weeks." (Emphasis added.) Section 306(f.1)(1)(i) requires the employer to "provide payment *in accordance with this section* for reasonable surgical and medical services, services rendered by physicians or other health care providers, including an additional opinion when invasive surgery may be necessary, medicines and supplies, *as and when needed*." (Emphasis added.) Section 306(f.1)(1)(i) does not set forth a specific time limit.

In *Stewart v. Workers' Compensation Appeal Board (Pa. Glass Sand/US Silica)*, 562 Pa. 401, 756 A.2d 655 (2000), the Supreme Court interpreted Section 306(b) of the Act in conjunction with Section 413(a), 77 P.S. § 772, which governs modification proceedings, and it held that expiration of the maximum 500–week period for partial disability benefits does not foreclose a later claim for total disability benefits based on deterioration of the claimant's physical condition. The Supreme Court stated that the availability of a post–500 week total

disability claim was supported by a straightforward and plain-meaning interpretation of relevant statutory provisions and was consistent with the remedial purposes and humanitarian goals of the Act. Although the question was not before it, the Supreme Court perceived no apparent sound policy justification for distinguishing between a partially disabled claimant who had exhausted 500 weeks of partial disability benefits and a claimant who had experienced a period of suspension as it relates to the effect of the expiration of 500 weeks upon possible future claims.

■ One month later, the Supreme Court issued its decision in *Stanek v. Workers' Compensation Appeal Board (Greenwich Collieries)*, 562 Pa. 411, 756 A.2d 661 (2000), wherein it addressed the question of what a claimant's burden of proof should be when seeking total disability benefits after exhausting the 500 weeks of partial disability benefits.[2] The Supreme Court reaffirmed in *Stanek* that expiration of the 500–week period forecloses claims for increased compensation for partial disability short of a claim for total disability. While it questioned the validity of this Court's citation to *Diffenderfer* in *Burton v. Workers' Compensation Appeal Board (Hershey Automatic)*, 711 A.2d 596 (Pa.Cmwlth.1998),[3] the Supreme Court did not endorse the statement from *Diffenderfer* that a claimant's status is more akin to a termination of benefits upon expiration of the 500 weeks of partial disability, as Employer has consistently argued in this case.

■ The argument presented by Employer is supported neither by statutory nor by case law authority. From its review of relevant statutory provisions and analysis of case law, the Court holds that no legal basis exists for categorizing Fink's status as a "termination" simply because he has exhausted his 500 weeks of partial disability benefits. The Court is unwilling to reach this conclusion in the absence of a finding by the WCJ that Fink's disability ceased to exist. It is universally recognized in workers' compensation case law that to secure the termination of a claimant's compensation benefits, the employer must prove in a termination proceeding and a WCJ must find that the claimant's work injury has ceased. *See Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.)*, 550 Pa. 319, 705 A.2d 1290 (1997). Mere expiration of the 500–week period for partial disability benefits does not establish that the work injury has ceased.

Because no termination petition has been granted by the WCJ in favor of Employer, the Court therefore rejects Em-

---

**2.** The Supreme Court determined in *Stanek* that a post–500–week claimant must establish total disability by presenting precise and credible evidence of a more definite and specific nature than what is required to obtain compensation initially or by modification within the 500–week period. The claimant must show that he or she has no earning capacity since partial disability benefits have been exhausted and that his or her medical condition has worsened. The Supreme Court described a claimant's circumstance in such case as a "hybrid" between a modification of existing benefits and a reinstatement of terminated benefits. *See also Williams v. Workers' Compensation Appeal Board (Hahnemann Univ. Hosp.)*, 834 A.2d 679 (Pa.Cmwlth.2003).

**3.** *In Burton* this Court determined that because the evidence showed that the claimant was physically capable of performing sedentary work, he was not entitled to compensation for total disability but instead was entitled to partial disability benefits at the total disability rate. The Supreme Court found the citation to *Diffenderfer* unclear in light of the fact that it was a post–500–week case and *Burton* was not, and this Court made no reference in *Diffenderfer* to a category of partial disability benefits at the total disability rate.

ployer's contention that Fink's status is the same as that of a claimant whose benefits have been terminated upon a final order of the WCJ. Moreover, the Court finds no support in the language quoted and relied upon in *Diffenderfer* to conclude otherwise. Accordingly, the principle stated in *Pieper* regarding the cessation of an employer's liability upon the termination of a claimant's benefits does not apply to this case.

After its review, the Court firmly agrees with the Board that *Deremer* more appropriately applies to the situation presented here. Specifically, the Court noted that Section 306 of the Act had undergone considerable amendment and that under the changes made in 1978 subdivision 4 provided that medical benefits shall be paid "whether or not loss of earning power occurs." *See* Section 306(f.1)(1)(ii). The Court held in *Deremer* that "the fact that the claimant's injury was no longer compensable does not in and of itself preclude him from obtaining reimbursement of medical expenses under Section 306 of the Act." *Id.*, 433 A.2d at 929. Equally significant is the Court's statement of legislative intent contained in *Consolidated Freightways* that a claimant is not required to have a compensable disability to receive a reimbursement of medical expenses. The Court stressed as well that an employer must continue to pay for a claimant's medical expenses until the employer's petition for review has been granted.

In conclusion, the Court must affirm the order of the Board because it did not commit an error of law in upholding the WCJ's decision to grant Fink's petition to review medical treatment and/or billing. Section 306(f.1)(1)(i) of the Act places no time limit on Employer's liability for medical benefits; Section 306(f.1)(1)(i) requires a continuation of medical expenses even when no indemnity payments are being made; Fink's exhaustion of his 500 weeks of partial disability benefits does not foreclose a subsequent petition for total disability benefits; no order has been entered granting a petition by Employer for a termination of Fink's benefits; and no order has been entered granting a petition filed by Employer to end its liability for the payment of Fink's medical expenses. *See Stanek; Pieper; Consolidated Freightways; Deremer.*[4]

## ORDER

AND NOW, this 13th day of April, 2006, the Court affirms the order of the Workers' Compensation Appeal Board.

---

4. Employer also argued that the principle applied in *Berwick Indus.* to bar the claim for medical expenses should be applied to this case. The Court held that because the claimant failed to file a claim within the prescribed three-year statute of limitations period required by Section 315 of the Act, 77 P.S. § 602, the claimant could not pursue a claim for medical benefits filed after expiration of the three-year period. The employer's liability for the claimant's injury was therefore never established because her claim was extinguished by operation of law. The facts and issues in *Berwick Indus.* are totally distinct from those presented here, and the Court's discussion there regarding when medical expenses may be considered "compensation" under specific sections of the Act has no relevancy to the disposition reached in the present case.