620 A.2d 709

Patricia A. McFADDIN, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MONONGAHELA VALLEY HOSPITAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 16, 1992.

Decided Feb. 4, 1993.

Thomas J. Graham, for petitioner.

Roy F. Walters, Jr. and James A. Mazzotta, for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Patricia McFaddin appeals from an order of the Workmen's Compensation Appeal Board (the Board) which affirmed a referee's decision to terminate disability benefits. McFaddin argues that substantial evidence does not support the referee's decision because the Board erred when it determined that the expert testimony offered by the defendant employer, Monongahela Valley Hospital (MVH) was unequivocal. Alternatively, McFaddin argues that accepting that expert's testimony as unequivocal, it is not sufficient to meet MVH's burden when seeking a termination of benefits. Finally, McFaddin contends that MVH failed to show available work and thus is not entitled to a termination of benefits. We are unpersuaded by McFaddin's arguments and affirm.

■ Our standard of review in this case is clear. Where both parties have presented evidence, we will examine the record to determine whether constitutional rights have been violated, an error of law has occurred, or whether substantial evidence supports necessary factual findings. *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking)*, 116 Pa.Commonwealth Ct. 172, 541 A.2d 60 (1988). The referee is the ultimate finder of fact in workmen's compensation proceedings; questions of credibility and weight of the evidence are within the province of the referee who is free to accept or reject the testimony of any witness, in whole or in part. *Sullivan v. Workmen's Compensation Appeal Board (Philadelphia Electric Co.)*, 120 Pa.Commonwealth Ct. 364, 548 A.2d 404 (1988). The equivocality of an expert opinion is a question of law, freely reviewable by this Court. *Spotts v. Workmen's Compensation Appeal Board (Superior Tube Co.)*, 116 Pa.Commonwealth Ct. 304, 541 A.2d 446 (1988), *petition for allowance of appeal denied*, 520 Pa. 622, 554 A.2d 513 (1989).

The facts of this case, as found by the referee, are as follows. McFaddin was employed as a nursing assistant at MVH when she suffered a lower back injury. McFaddin received total disability benefits pursuant to a notice of compensation payable. MVH twice had McFaddin examined by Dr. Robert Yanchus. Following the second examination, based upon Dr. Yanchus' report, MVH filed a petition seeking termination of benefits.

At the hearing on this petition, MVH submitted the deposition of Dr. Yanchus who testified that, after the second examination, it was his opinion that McFaddin had sufficiently recovered to return to unrestricted work. On cross-examination, Dr. Yanchus admitted that McFaddin showed little improvement from the first examination to the second. He defended his opinion by stating that there was no objective evidence of continuing disability and because he believed that McFaddin magnified symptoms at the second examination. McFaddin presented the deposition of her treating physician,

Dr. Andrew Kranick, who testified that McFaddin remained disabled because the healing tissues from her lower back sprain continued to irritate the nerves in the low back producing chronic pain. Dr. Kranick admitted that the type of injury McFaddin suffered usually heals within two to three months.

The referee accepted the testimony of Dr. Yanchus as more credible than that of Dr. Kranick and granted the termination petition. No evidence was offered on the issue of job availability. On appeal by McFaddin, the Board affirmed.

McFaddin argues that substantial evidence does not support the referee's finding that she had fully recovered because Dr. Yanchus' opinion was equivocal. McFaddin points to Dr. Yanchus' admission that while there was minimal improvement from the first to the second examination, he rendered contradictory opinions following each examination. McFaddin also notes that Dr. Yanchus admits that he classified the straight leg raising test as objective following the first examination but subjective following the second.[1] Finally, McFaddin calls our attention to the first report where Dr. Yanchus indicated he believed that McFaddin would quickly recover. McFaddin apparently classifies the second report as a self-fulfilling prophecy. These attacks all go to Dr. Yanchus' credibility. Nowhere did Dr. Yanchus recant his opinion that McFaddin was sufficiently recovered to return to work without restriction. Credibility questions are not reviewable on appeal. We reject McFaddin's implicit argument that attacks on credibility can lead to a determination that expert testimony is equivocal.[2]

---

1. McFaddin admits that a straight leg raising test is generally considered subjective.

2. McFaddin also complains that the Board improperly classified Dr. Kranick's opinion as equivocal. We need not address this argument because Dr. Yanchus' testimony provides sufficient support for the referee's determinations. If the referee's decision is supported by substantial competent evidence, we are precluded from disturbing it despite competent evidence of record that contradicts the findings. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa.Commonwealth Ct. 542, 453 A.2d 710 (1982).

Alternatively, McFaddin argues that substantial evidence does not support the finding that she had fully recovered because Dr. Yanchus only testified that she had sufficiently recovered to return to work without restriction, rather than testifying that she had fully recovered.[3] A defendant-employer petitioning for a termination of benefits must prove that a claimant's disability has ceased or that any remaining disability is no longer the result of a work related injury. *Abbott v. Workmen's Compensation Appeal Board (Serwatka)*, 102 Pa.Commonwealth Ct. 509, 518 A.2d 904 (1986). Use of the magic words "fully recovered" however, is not necessary. The record must, however, indicate that the claimant's work-related injury has resolved and that the claimant is to return to work *without restriction. Callahan v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.)*, 132 Pa.Commonwealth Ct. 47, 571 A.2d 1108 (1990) (emphasis added). Here, Dr. Yanchus' testimony clearly indicates that McFaddin can return to work without restriction. Moreover, his affidavit of recovery following the second examination indicates full recovery. See, *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989) (affidavit of recovery indicating full recovery remedies omission of phrase in testimony).

Finally, McFaddin argues that MVH failed to meet its burden of proof because it did not present evidence on the issue of job availability. This is not an element of MVH's burden because the referee determined that McFaddin had fully recovered from her disability. True, the referee could have refused to find that McFaddin was not fully recovered because of her subjective pain complaints despite Dr. Yanchus'

---

**3.** McFaddin states that because MVH did not seek a suspension, the referee was limited to deciding whether the evidence was sufficient to justify a termination. The case law is clear, however, that a referee may grant a different form of relief from that sought by the pleadings so long as the claimant has not been misled by the form of the petition. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 142 Pa.Commonwealth Ct. 176, 597 A.2d 182 (1991), *petition for allowance of appeal granted*, 529 Pa. 659, 604 A.2d 251 (1992).

testimony that she had fully recovered and the lack of any objective basis for her subjective complaints. *JAB Enterprises, Inc. v. Workmen's Compensation Appeal Board (Haehn)*, 79 Pa.Commonwealth Ct. 638, 470 A.2d 210 (1984). It is also true that the finding of full recovery would not be supported by substantial evidence if the medical expert testifying for the defendant acknowledged the existence of continued pain suffered by the claimant. *Rogers Motor Lines, Inc. v. Workmen's Compensation Appeal Board (Baker)*, 144 Pa.Commonwealth Ct. 493, 601 A.2d 934 (1992). Neither rule applies here. Dr. Yanchus' testimony does not acknowledge any continuing pain and supports the finding that McFaddin was fully recovered; thus, we are precluded from disturbing that decision despite competent evidence of record, here McFaddin's subjective complaints which contradict that finding. *Grabish.* "Where an employer sufficiently establishes that a claimant's work-related disability has ceased, the employer need not demonstrate that work was available to the claimant within her capabilities." *Callahan*, 132 Pa.Commonwealth Ct. at 52, 571 A.2d at 1111.

Affirmed.

## ORDER

NOW, February 4, 1993, the order of the Workmen's Compensation Appeal Board, dated April 2, 1992, at A91–1899 is affirmed.