Pearl BLOOM, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (KEYSTONE PRET-
ZEL BAKERY), Respondent.

Commonwealth Court of Pennsylvania.

Submitted April 19, 1996.
Decided June 18, 1996.

John L. Sampson, for Petitioner.

Robert A. Taylor, for Respondent.

Before COLINS, President Judge, FLAHERTY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Pearl Bloom (Claimant) appeals from the Workmen's Compensation Appeal Board's (Board) two orders that: (1) affirmed the Workers' Compensation Judge's (WCJ) decision granting Keystone Pretzel Bakery's (Employer) petition to terminate benefits and its petition to review medical treatment as to causation and dismissing Claimant's petition to review the notice of compensation payable; and (2) denied Claimant's petition for reconsideration. We affirm both orders.[1]

On May 19, 1993, Claimant sustained a work-related injury described on the notice of compensation payable (NCP) as a "chest wall strain."[2] Various supplemental agreements were entered into over the course of the summer and Claimant received compensation benefits.

On September 21, 1993, Employer filed a termination petition, alleging that Claimant had fully recovered from her work-related injury as of August 27, 1993. Employer also filed a petition for review of medical treatment on November 24, 1993, alleging that "treatment and diagnostic testing performed on the Claimant's left shoulder, by Dr. George Kent, was not causally related or reasonable and necessary for treatment of the Claimant's underlying work injury." (WCJ's Decision, p. 2.) On November 15, 1993, Claimant filed a petition for review, requesting amendment to the NCP to reflect

---

1. Claimant's appeals from the Board's two orders have been consolidated for review by this Court.

2. We note that in a number of the WCJ's initial findings of fact he states that the injury at issue occurred on May 19, 1991, but in later findings he uses May 19, 1993 as the date of injury. After reviewing the entire record, it is apparent that the 1991 date was an inadvertent error that does not impact on the decision here.

a left shoulder injury in addition to the chest wall strain.

At a hearing before the WCJ, testimony and evidence were presented by the parties concerning all three petitions. Employer's evidence consisted of reports and medical records from a number of doctors, who had either examined Claimant for purposes of this litigation or were Claimant's treating physicians. The WCJ found that these doctors all concurred that no objective evidence of ongoing disability existed, that Claimant was fully recovered from her work-related injury and could return to her pre-injury job duties without restrictions as of August 27, 1993.

Claimant presented the medical records and a report from George M. Kent, M.D., who first examined Claimant on October 14, 1993. With regard to these documents, the WCJ found that:

> 16.... Although Dr. Kent acknowledged that the Claimant had undergone an MRI of her left shoulder as well as EMG testing of her upper extremities, both of which were normal, Dr. Kent could point to no objective abnormality of the Claimant's shoulder to support ongoing complaints of pain. Dr. Kent has not released the Claimant to return to her pre-injury job duties, based on her subjective complaints.

(WCJ's Decision, p. 4.) Claimant also presented a report and two return-to-work slips, dated September 1, 1993 and September 27, 1993, from David D. Sieger, M.D., one of Claimant's treating physicians. The slips indicated that Claimant could return to work in a light duty capacity. We note, however, that Dr. Sieger's records and a report, dated October 19, 1993, were entered into evidence by Employer. These more recent documents show that Dr. Sieger believed Claimant had recovered and could return to her pre-injury job without restrictions. Dr. Sieger stated that he based this opinion on a lack of objective findings.

After finding Employer's medical evidence more credible and persuasive than that pro-

vided by Claimant, the WCJ concluded that Employer had met its burden of proof that Claimant had fully recovered from her work-related injury as of August 27, 1993, and that the medical treatment rendered by Dr. Kent was not reasonable and necessary because any problem that Claimant had regarding her left shoulder was not causally related to her work-related injury. Thus, the WCJ granted Employer's termination petition and its petition to review medical treatment. The WCJ also dismissed Claimant's petition to amend the NCP, concluding that evidence did not support a finding that Claimant had suffered a left shoulder injury as part of the original work injury.

Claimant appealed this decision to the Board, which affirmed, holding that the WCJ's findings of fact were based on substantial evidence. Claimant requested reconsideration, which was denied. These two determinations by the Board, concerning the three petitions filed by the parties, are now before this Court for review.

Although the procedural context of this case to this point has been straightforward, the filing by Employer of an initial request for Utilization Review (UR) on December 21, 1993, during the course of the litigation on the three petitions, provides the impetus for the issues raised in this appeal. Employer's UR request sought a determination whether Dr. Kent's medical treatment was reasonable and necessary. The UR determination and a reconsideration of the UR determination were decided adversely to Employer; thus, a petition for review of the UR decision was filed on June 23, 1994, and the case was assigned to the same WCJ who heard evidence in the original three petition case. A hearing on the UR petition was held on September 8, 1994, and a decision by the WCJ was issued on March 5, 1996, wherein the WCJ concluded that his earlier decision (on the three petitions) was controlling. The WCJ's UR decision was appealed and is now pending before the Board.[3]

---

3. This Court has attempted to set forth the procedural posture of the UR case from information gleaned from the parties' briefs because documentation relating to the UR case is not a part of the record before us.

On appeal to this Court,[4] Claimant points out that the same injury and the same treatment are at issue in the present appeals from the Board's decisions, concerning the three petitions and the denial of reconsideration of that decision, and the UR decision by the WCJ that is presently pending before the Board. Claimant's contention is that the decision here directly impacts the UR decision pending before the Board and that the Board should have held up its determination on the three petitions and consolidated the three petition case with the UR case.

This argument mirrors what Claimant raised in its petition to the Board requesting reconsideration. The Board denied Claimant's reconsideration petition, explaining that Claimant's request to delay the decision on the appeal from the WCJ's three petition determination could be considered, but that any statements made during argument by the Board members suggesting a delay were not binding. The Board further explained that its opinion and order affirming the WCJ's decision made clear that medical benefits causally related to Claimant's injury terminated as of the date of the WCJ's decision and that any medical bills related to Claimant's treatment of her left shoulder were not reimbursable because they were found to be unrelated to Claimant's work injury.

■ Claimant does not cite any statute, regulation or decision that would require the Board to delay its decision. Therefore, we hold that the Board did not err in failing to consider a decision not yet before it. The record is clear that at the time the Board rendered its decision on the appeal of the three petition case (October 31, 1995), the WCJ's decision on the UR case had not yet been rendered (WCJ's decision in the UR case issued on March 3, 1996). In fact, Claimant's request to delay was based upon little more than speculation that an appeal might be taken from the WCJ's UR decision. Moreover, the Board, in discussing its review of the WCJ's three petition decision on re-

consideration, explains what an employer is required to prove to support a termination and that the record supports the WCJ's findings of fact. The Board also discussed its review of the evidence regarding Claimant's alleged shoulder injury, concluding that substantial evidence exists in the record to support the determination that any shoulder injury was not causally related to Claimant's work-related injury.

■ Our review of the record before us reveals that the Board correctly held that substantial evidence supports the WCJ's findings and we, therefore, affirm the Board's order. Claimant's reliance on opinions by Roy J. Lehman, M.D., and Marc Manzione, M.D., is misplaced. These reports from these two doctors, which are evidence in the UR case, are not a part of the certified record in this case and were ordered not to be considered in the disposition of this appeal by *per curiam* order of this Court, dated April 11, 1996.

Claimant also misconstrues the purpose of Employer's petition to review medical treatment. Although Employer inappropriately used the terms reasonable and necessary in the petition to review medical treatment, the petition relates to the issue of whether Dr. Kent's treatment of Claimant's left shoulder was treatment of symptoms causally related to the work-related injury; not whether the treatment itself was reasonable and necessary. The issue concerning reasonable and necessary treatment was raised in the UR case and is not before this Court at this juncture.

■ However, because Claimant raises the issue concerning the relationship between these two types of cases, i.e., one arising from a petition questioning the causal connection between treatment and a work-related injury and the other arising in the context of a request for review of the reasonableness and necessity for the treatment, we need to examine the 1993 amendments to the Work-

---

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Sec-

tion 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

ers' Compensation Act (Act) [5] and the regulations promulgated pursuant to these amendments. Section 306(f.1) of the Act, 77 P.S. § 531(6), provides the procedure to be followed in the event that a dispute arises as to the reasonableness or necessity of treatment provided by a health care provider. Regulations listed at 34 Pa.Code § 127.406 set forth the scope of review of utilization review organizations (URO) as follows:

> (a) UROs shall decide only the reasonableness or necessity of the treatment under review.
>
> (b) UROs may not decide any of the following issues:
>
>> (1) The causal relationship between the treatment under review and the employe's work-related injury.
>>
>> (2) Whether the employe is still disabled.
>>
>> . . . .
>>
>> (7) Other issues which do not directly relate to the reasonableness or necessity of the treatment under review.

■ Clearly, the above quoted language recognizes a distinction between an issue concerning causation as opposed to reasonableness and necessity of treatment. An action concerning causation cannot be raised before a URO; therefore, it must be raised in a petition that is intended to be heard directly by a WCJ. Likewise, an action concerning the reasonableness and necessity of treatment is to be raised in a request for UR that will be submitted to a URO.

■ Having set forth the separate paths to be taken depending upon the issue in dispute, we now determine how the schematic applies to the situation here. Obviously, Employer sought both a review of causation and a review of the reasonableness and necessity of treatment. Because each issue is reviewed through a different procedure, this Court could ultimately be required to examine two separate cases arising from the same set of facts and circumstances. Usually when this situation arises, this Court consolidates the appeals and reviews the issues raised in the two cases together. However, when the movement of the cases through the separate systems do not coincide, the timing prevents a consolidation, as occurred here with the two orders resulting from the three petition case, which were consolidated, and the UR case. This Court is not required to wait for the second case to become ripe for decision; nor can we require the Board to delay a decision to await a case that may come within its jurisdiction. Although through an agreement by the parties, the Board, as well as this Court, could be prevailed upon to postpone a decision on the first case, we cannot, however, hold that our affirmance of the Board's decision in the case before us requires a determination that the UR matter is moot. Although any review of treatment concerning an injury found not causally related to the work-related injury appears to be a needless inquiry, we cannot determine the mootness of a case not presently before us.

■ On appeal, Claimant also attacks the WCJ's credibility determinations and questions whether substantial evidence is contained in the record upon which the WCJ's findings are based. In essence, Claimant argues facts that she believes should have been accepted by the WCJ, but were not.

> Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . Hence, appellate review must focus on whether there is rational support in the record, when reviewed as a whole, for the agency action. These principles have repeatedly been stated in another fashion: Review of the findings of fact is limited to the question whether the lower court's findings are adequately supported by the evidence as a whole; credibility is solely an issue for the finder of fact; and findings of fact will be overturned only if they are arbitrary and capricious.

*Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 292, 612 A.2d 434, 436–37 (1992) (quoting *Republic Steel Corp. v. Workmen's Compen-*

---

**5.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4.

1319

sation *Appeal Board (Shinsky)*, 492 Pa. 1, 5, 421 A.2d 1060, 1062–63 (1980)).

 This Court is not to weigh evidence but is merely to determine whether the record as a whole contains evidence which a reasonable person might find sufficient to support the WCJ's findings. *Skirpan.* Furthermore, in a workers' compensation case the WCJ is the ultimate fact finder and is solely responsible for assessing credibility and resolving conflicts in testimony. *Id.* He may accept or reject, in whole or in part, the testimony of any witness. *Id.* The record in the case before us contains sufficient evidence to support the WCJ's findings. The WCJ made credibility determinations, accepting Employer's evidence over that of Claimant's. Our scope of review does not permit a reversal of these findings.

Lastly, we address Claimant's argument that the WCJ's grant of Employer's termination petition was in error because the evidence proves that Claimant had not fully recovered. Specifically, Claimant contends that because she continues to suffer pain despite the failure by any of the doctors to find an objective basis for the pain can, by itself, support a denial of Employer's petition to terminate benefits.

The law recognizes that "[a] defendant-employer petitioning for a termination of benefits must prove that a claimant's disability has ceased or that any remaining disability is no longer the result of a work-related injury." *McFaddin v. Workmen's Compensation Appeal Board (Monongahela Valley Hospital)*, 153 Pa.Cmwlth. 252, 620 A.2d 709, 711 (1993). Moreover, the record must show that the claimant's work-related injury has resolved and that the claimant is able to return to work without restrictions. *Id.* Claimant fails to acknowledge that the WCJ chose to believe the doctors whose reports verified that Claimant's disability had ceased and that she could return to her pre-injury position.

Claimant also cites *JAB Enterprises Inc. v. Workmen's Compensation Appeal Board (Haehn)*, 79 Pa.Cmwlth. 638, 470 A.2d 210 (1984), for the proposition that a doctor's failure to find an objective basis for

subjective complaints of pain does not, by itself, establish a claimant's full recovery. Although this statement is correct, Claimant overlooks the rule that questions of subjective pain are factual and must rest with the fact finder, who may consider in making his findings the claimant's subjective complaints of pain. *See Shepherd v. Workmen's Compensation Appeal Board*, 66 Pa.Cmwlth. 101, 443 A.2d 862 (1982). Here, the WCJ found Claimant's testimony not credible or persuasive to the extent that it conflicted with Employer's medical evidence. Thus, because the WCJ is the fact finder, we are bound by his determinations. *Skirpan.*

Accordingly, for the reasons set forth above we affirm the Board's order.

### ORDER

NOW, June 18, 1996, the orders of the Workmen's Compensation Appeal Board, in the above cases, are affirmed.

