**MERCY DOUGLAS CORPORATION, Petitioner,**

. v.

**WORKERS' COMPENSATION APPEAL BOARD (DAVIS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 1998.

Decided June 12, 1998.

---

Matthew J. McLees, Philadelphia, for petitioner.

Charles A. DiFazio, Philadelphia, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

SMITH, Judge.

The Mercy Douglas Corporation (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed as modified a decision of a Workers' Compensation Judge (WCJ) granting Employer's petitions to terminate compensation benefits and to review medical treatment and/or billing. The Board affirmed the decision as to termination but ordered Employer to pay medical expenses

for Dolores Davis (Claimant) until the date of the WCJ's decision. Employer questions whether the Board erroneously ordered it to reimburse Claimant's medical bills, when payment of such bills was controlled by the utilization review process as set forth in Section 306(f.1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531.[1] Claimant has not sought review of the affirmance of the grant of termination; what is at issue here is solely the period during which Employer is required to make payment for Claimant's medical expenses.

Claimant suffered an injury in the course of her employment on January 4, 1989; she began receiving total disability benefits pursuant to a notice of compensation payable. On May 19, 1993, Employer filed a petition to terminate compensation benefits, alleging that Claimant had fully recovered from her work injury on or before March 18, 1993. On February 1, 1994, Employer filed a petition to review medical treatment and/or billing.[2] Following hearings in 1993 and 1994 on these consolidated petitions, the WCJ issued a decision on June 19, 1995 concluding that Employer had met its burden of proving that all of Claimant's disability had ceased as of March 18, 1993. The WCJ concluded further that Employer had established that medical services rendered to Claimant after that date were not reasonable and necessary. The WCJ granted the termination petition; he also granted the review petition and ordered that Employer was not responsible for medical bills after March 18, 1993.

On Claimant's appeal, the Board concluded that substantial evidence of record supported the WCJ's findings. The Board agreed with Claimant, however, that the WCJ erred by

terminating medical benefits as of March 18, 1993. The Board cited *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 144 Pa.Cmwlth. 332, 601 A.2d 491 (1991), for the proposition that relief pursuant to a petition to review is prospective only; medical benefits for a compensable injury may be terminated pursuant to a review petition only as of the date of the WCJ's determination that such benefts are unreasonable and unnecessary. The Board therefore modified the WCJ's order and directed Employer to reimburse Claimant's medical expenses until June 19, 1995, the date the order was circulated.

Before this Court Employer states that the Board's reasoning would be sound if the medical treatment at issue were not subject to the utilization review process; however, Employer asserts that it filed an initial request for utilization review pursuant to Section 306(f.1) of the Act in September 1993. The initial determination, contained in a report dated April 21, 1994 and a letter dated May 6, 1994, was that the services were reasonable and necessary until November 17, 1993 but not thereafter, because no improvement was observed in the review chart after that date. Claimant's request for reconsideration of that determination pursuant to the former version of Section 306(f.1)(6)(ii)[3] resulted in a determination that none of the services were reasonable and necessary. The parties agree that Claimant appealed from the adverse utilization review determination, that her appeal was assigned first to the same WCJ involved here and then to another WCJ, who ruled in Employer's favor, and that Claimant appealed that decision to the Board.[4]

---

1. Section 8 of the Act of July 2, 1993, P.L. 190, effective August 31, 1993, commonly known as "Act 44," rewrote and renumbered former Section 306(f), 77 P.S. § 531.

2. This petition made no specific allegations but requested "review of the reasonableness and necessity of medical treatment and medical bills rendered by Dr. John Bowden pursuant to Section 306(f) of the Workers' Compensation Act." Cert. Record, Petition to Review Medical Treatment and/or Billing.

3. Section 4 of the Act of June 24, 1996, P.L. 350, amended Section 306(f.1) by eliminating this

procedure for reconsideration following the initial utilization review determination. A challenge to the initial utilization request is now filed directly to the WCJ.

4. As Employer acknowledges, matters relating to the utilization review are not of record in this proceeding. Employer's description of the initial request and the request for reconsideration is cited to a "Request for Reconsideration/Reargument" addressed to the Board, which is contained in the Reproduced Record and to which the initial and reconsidered utilization review determinations are attached as exhibits. The

Employer argues that regulations adopted pursuant to Section 306(f.1) relieved it of any duty to make medical payments under the circumstances here. Specifically, 34 Pa.Code § 127.208(a) provides that payments for treatment rendered under the Act shall be made within 30 days of receipt of bills and reports submitted by providers, but § 127.208(e) provides:

> The 30–day period in which payments shall be made to the provider may be tolled only if review of the reasonableness or necessity of the treatment is requested during the 30–day period under the UR [Utilization Review] provisions of Subchapter C (relating to medical treatment review). The insurer's right to suspend payment shall continue throughout the UR process. The insurer's right to suspend payment shall further continue beyond the UR process to a proceeding before a workers' compensation judge, unless there is a UR determination made that the treatment is reasonable and necessary.

This provision implements Section 306(f.1)(5) of the Act, 77 P.S. § 531(5), which provides in part that all payments to providers must be made within 30 days of receipt of such bills and records "unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6)," which provides the procedures for utilization review and appeal.

Because Employer had sought utilization review of the treatment provided to Claimant by Dr. Bowden from September 1, 1993 onward, it contends that it was never under any duty to make payments for medical treatments after that date. Employer relies upon *Florence Mining Co. v. Workmen's Compensation Appeal Board (McGinnis)*, 691 A.2d 984 (Pa.Cmwlth.1997). There also an employer had filed a termination petition and a petition to review medical bills, and during the pendency of that proceeding it filed an initial request for utilization review. The utilization review organization determined that medical treatment in the form of physical therapy was reasonable and necessary up to a certain date but not thereafter. Neither the claimant nor the employer sought further review. The Court held that the effect of the unappealed utilization review determination was to preclude the WCJ and the Board from determining in the parallel petition proceeding that the employer was liable for certain medical bills incurred after the specified date. From this Employer concludes that the Board here was without authority to order Employer to make payment for medical treatment that was excused by the utilization review process.

Claimant responds that Employer's reliance upon *Florence Mining Co.* is misplaced. That case turned on the fact that the utilization review determination had not been appealed and therefore was final. Here, in contrast, Claimant has appealed from the utilization review determinations and that appeal is pending before the Board. Claimant asserts that in a petition to review medical treatment and/or billing pursuant to former Section 306(f)(2)(ii) of the Act, the Employer remains liable to pay medical bills incurred during the pendency of the petition, and any relief granted under this Section is prospective as of the date of the WCJ's decision, citing *Loose*, among other cases. She contends that this is the law that the Board applied.

Further, Claimant notes that this Court addressed the relationship between a petition to review medical treatment and a request for utilization review in *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314 (Pa.Cmwlth.), *appeal denied*, 546 Pa. 657, 684 A.2d 558 (1996). In *Bloom* an employer filed a petition to terminate benefits in September 1993, alleging that the claimant had recovered fully from a work-related injury of May 1993. In November 1993 the employer filed a petition to review medical treatment, alleging that treatment and testing performed on the claimant's shoulder was not causally related to or reasonable and necessary for the "chest wall strain" injury indicated in the notice of compensation payable. The claimant filed a

record that was certified to this Court originally did not include a request for reconsideration filed with the Board. Nevertheless, Claimant acknowledges that the utilization review proceedings described by Employer did take place.

petition to review seeking to amend the notice of compensation payable to include the shoulder injury, and the three petitions to review were consolidated. The WCJ decided in favor of the employer and the Board affirmed. Meanwhile, the employer filed a request for utilization review in December 1993. The initial utilization review determination and the reconsideration were decided adversely to the employer, which then appealed to the next level, and the case was assigned to the same WCJ. The WCJ concluded that his decision on the consolidated petitions was controlling. The claimant appealed the WCJ's adverse utilization review decision to the Board. That appeal was pending when the claimant's appeal from the Board's order in the proceeding on the three petitions reached this Court.

■ The Court explained in *Bloom* that a petition to review medical treatment relates to the issue of the causal connection between medical treatment and the work injury, but utilization review relates to the reasonableness of and necessity for medical treatment. A challenge to particular medical treatment as not being causally related to a work injury, such as the employer's November 1993 petition in *Bloom*, must be filed directly with a WCJ. A challenge to particular treatment as being not reasonable or necessary must be pursued through the administrative utilization review procedures. *Id.*

Because these proceedings are distinct, they may well move through the Workers' Compensation system at different rates. If the appeals did not reach this Court at the same time, the Court could be required to examine two separate cases arising from the same set of facts and circumstances. In that situation, this Court is not required to wait for the second case to become ripe for decision; nor could the Court require the Board to delay a decision to await a case that might come within its jurisdiction. When the Board's decision in the petition proceeding was rendered in *Bloom*, the Court observed, the utilization review proceeding had not yet been decided by the WCJ, and the possibility of any appeal from the WCJ's decision in that proceeding was little more than speculation.

The Court affirmed the Board's order holding that the employer had established its right to termination, that treatments for the shoulder injury were not related to the work injury and that the employer was liable for medical expenses relating to the work injury until the date of the WCJ's decision. If such ruling rendered all or part of the utilization review proceedings moot that would be for the Board to determine, because the utilization review was not before the Court. Thus in *Bloom* the completed petition to review proceeding would likely render some or all of the utilization review proceedings moot, but in *Florence Mining Co.* an unappealed utilization review determination was held to have preclusive effect as to some issues involved in the petition to review medical treatment.

■ In both *Bloom* and *Florence Mining Co*, however, a consolidated proceeding to determine all of these related issues at the same time would have been preferable. In the present case, in addition to the difficulties associated with the fact that in essence only half of the dispute has reached the Court, there have been pertinent developments in the case law following the Board's decision and following the submission and briefing of the case to the Court.[5] In view of

---

5. The Board relied upon *Loose* for the proposition that an employer must pay medical bills until the date of a final WCJ order stating that the employer need not pay such bills. This Court later held, however, that when a termination petition is granted the employer's responsibility for medical expenses ceases, and when a termination is sought it is the claimant who must make a case for continuing medical expense payments, if warranted. *Consolidated Freightways v. Workmen's Compensation Appeal Board (Jester)*, 145 Pa.Cmwlth. 369, 603 A.2d 291 (1992). Beginning with *Albert Einstein Medical Center v.*

*Workmen's Compensation Appeal Board (Perkins)*, 707 A.2d 611 (Pa.Cmwlth.1998), this Court also has held that, for medical bills incurred after August 31, 1993, Act 44 legislatively superseded the Court's decisions requiring payment of medical bills until the date of a WCJ's order. *See Broughton v. Workers' Compensation Appeal Board (Disposal Corp. of America)*, 709 A.2d 443 (Pa.Cmwlth.1998). The Board did not have the advantage of these holdings when it decided the present case.

In addition, the Third Circuit Court of Appeals recently decided in *Sullivan v. Barnett*, 139 F.3d

these factors, the Court deems the better procedure to be to remand this matter to the Board to permit it to reconsider this case in the light of later developments. Upon remand, the Board will be able to consolidate the cases and to issue one comprehensive decision. Accordingly, the order of the Board is vacated, and this case is remanded to the Board for further consideration.

## ORDER

AND NOW, this 12th day of June, 1998, the order of the Workers' Compensation Appeal Board is vacated, and this case is remanded to the Board for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

158 (3d Cir.1998), that the provision in Section 306(f.1)(5), 77 P.S. § 531(5), for an automatic suspension of an employer's duty to pay for medical expenses if the employer requests utilization review is unconstitutional in its present form. The provision was held to deprive claimants of a

substantial property interest without adequate notice or pre-deprivation opportunity to be heard, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.