IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Accurate Engineering : 
Solutions, LLC, : 
 : 
 : 
Petitioner : 
 : 
v. : No. 485 C.D. 2021
 : Argued: February 9, 2022
John Anderson and Williams : 
Form Engineering (Workers' : 
Compensation Appeal Board), : 
 : 
Respondents : 


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
         HONORABLE ANNE E. COVEY, Judge
         HONORABLE MICHAEL H. WOJCIK, Judge
         HONORABLE CHRISTINE FIZZANO CANNON, Judge
         HONORABLE ELLEN CEISLER, Judge
         HONORABLE LORI A. DUMAS, Judge
         HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 29, 2022


        Accurate Engineering Solutions, LLC (Accurate) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the order and decision of the Workers' Compensation Judge (WCJ) that ordered that the claim petition and penalty petition of John Anderson (Claimant) be withdrawn and Accurate's joinder petition be dismissed as moot.  Accurate sought to join Williams Form Engineering (Williams) as an additional defendant on the basis that Williams, not Accurate, was Claimant's employer.  Accurate argues that the WCJ and Board

erred in permitting Claimant to withdraw his claim petition before granting its joinder petition and determining whether Accurate or Williams was Claimant's employer, and before ordering Williams to reimburse Accurate for $44,065.71 in medical bills that Accurate inadvertently paid the day after Accurate issued a Notice of Compensation Denial (NCD).[1]  After careful review, we reverse and remand.

The relevant facts as found by the WCJ are as follows.  Claimant filed a claim petition alleging that he was injured on December 7, 2018, in the course of his employment with and on the premises of Accurate.  Reproduced Record (R.R.) at 192a.  Claimant alleged that he was working as a plant manager on Williams' site when he slipped and fell 15 feet, sustaining multiple bone fractures, including his femur, lumbar vertebrae, and ribs.  *Id.* at 1a.  He returned to work on January 30, 2019, with some restrictions, and he is still treating for his injuries.  *Id.* at 88a.  Although it was never judicially determined, the circumstances of Claimant's employment as testified to by Claimant were that he responded to an unsolicited email from Accurate, a technical staffing agency, about an opening for a plant manager at Williams.  Williams' representatives interviewed and hired Claimant for the position.  Williams directed Claimant's work activities on site, but at least for the first 90-day probationary period, Claimant was employed and paid by Accurate under Accurate's agreement with Williams.  *Id.* at 20a-126a.  This agreement is not part of the record.

Accurate issued an NCD on January 17, 2019, on the basis that the injury was not in the scope of Claimant's employment. R.R. at 192a.  The following day, January 18, 2019, Accurate paid $44,065.71 to Main Line Health for surgical

---

[1] Claimant notified this Court that he would not participate in the appeal as it involves an argument about the payment of medical bills between two insurers.  *See* Notice of Non-Participation filed November 15, 2021.

services rendered to Claimant from December 7, 2018, to December 12, 2019. "The payment was inadvertent according to Accurate's counsel." *Id.* On February 14, 2019, Accurate filed answers to Claimant's claim and penalty petitions, denying that Claimant was injured on "Employer's premises." *Id.* That same day, Accurate filed a joinder petition against Williams on the basis that Claimant was a borrowed employee. *Id.* Williams filed an answer denying that Claimant was its employee. *Id.* Accurate knew that as of August 29, 2019, Claimant and Williams had reached a settlement, but Accurate wished to and did proceed with a deposition of Rob Overbeek (Overbeek), a representative of Williams. *Id.* The WCJ did not admit Overbeek's deposition into the record. *Id.*

Importantly, the WCJ found that "[t]here is no agreement as to Claimant's employer. The issues presented included course of employment and proper employer." R.R. at 192a. On October 29, 2019, Claimant moved to withdraw his claim and penalty petitions against Accurate and sought approval of a Compromise and Release Agreement (C&R Agreement) with Williams. *Id.* at 193a. Under the C&R Agreement, Claimant would receive compensation and payment for some outstanding medical bills, not including the $44,000 bill to Main Line Health, in return for Claimant's withdrawal of his claim petition, and Williams acknowledged no liability for future compensation or medical expenses. *Id.* at 264a-65a. At the October 29, 2019 hearing, the WCJ heard and approved the C&R Agreement. A decision and order was circulated on October 31, 2019. *Id.* at 193a. Neither the WCJ's October 31, 2019 decision nor the C&R Agreement are part of the record. At the October 29, 2019 hearing, Accurate did not object to the C&R Agreement, but it did object to Claimant's withdrawal of his claim petition, because Accurate wanted a judicial determination as to Claimant's employer. If Accurate

3

was determined not to be Claimant's employer, it would seek reimbursement from Williams for the $44,000 medical bill that it had inadvertently paid. Williams argued that even if the WCJ determined that it was Claimant's employer, Accurate cited no case law to support its entitlement to be reimbursed for a medical bill that it voluntarily, but mistakenly, paid. Claimant responded that Accurate had no standing to object to the withdrawal of his claim petition, as Accurate was not a party to it. *Id.*

The WCJ deferred decision on the withdrawal of Claimant's claim petition, received briefs from the parties, and then overruled Accurate's objection to Claimant's withdrawal of his claim petition in a decision circulated on January 16, 2020. R.R. at 193a. The WCJ concluded that Claimant could not be "forced to proceed when [he has] no interest in pursuing the litigation." *Id.* She concluded that Accurate provided no legal authority to prevent Claimant from withdrawing his claim petition to allow Accurate to seek reimbursement for a medical payment that it voluntarily, but inadvertently, paid. *Id.* She also concluded that Section 410 of the Workers' Compensation Act (Act)[2] did not apply as this was not a dispute between two carriers. *Id.* The WCJ further concluded that Section 319 of the Act[3] did not apply because Claimant sustained a compensable injury. *Id.* She further concluded that Section 131.36 of the Department of Labor and Industry's

___

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §751. In relevant part, Section 410 of the Act authorizes injured employees to file claim petitions. When the only issue involved is liability between carriers, the WCJ may order reimbursement of payments made to the carrier determined not to be liable.

[3] 77 P.S. §671. In pertinent part, Section 319 of the Act authorizes subrogation of an employer from a claimant's third-party recovery to the extent of compensation payable. When an employee receives payments for an injury that is determined to not be compensable, payments made in error shall be subrogated out of the third-party award.

(Department) joinder regulations, 34 Pa. Code §131.36, gave the WCJ discretion to strike a joinder petition, and to sever the disposition of the joinder and claim petitions. R.R. at 194a. Because the WCJ found no legal authority to deny Claimant's request to withdraw, she ordered that Claimant's claim and penalty petitions be marked as withdrawn. *Id.* at 196a. She then dismissed the joinder petition as moot, as there was no pending claim petition to which Accurate could join Williams. *Id.*

Accurate appealed the WCJ's decision and order to the Board, which affirmed the WCJ's decision in an opinion and order dated April 21, 2021. R.R. at 235a-41a. The Board explained that there is an implied authority at the administrative level to accept a unilateral request to withdraw by the party presenting the claim prior to adjudication or agreement, citing *Bigley v. Unity Auto Parts, Inc. and Workmen's Compensation Appeal Board*, 436 A.2d 1172 (Pa. 1981). R.R. at 239a. The Board concluded that "it was within Claimant's rights to withdraw the petitions [that] he had filed against [Accurate] before there was a final adjudication or agreement between the parties, and he could do so unilaterally without [Accurate's] approval." *Id.* at 240a. The Board rejected Accurate's argument that the WCJ erred in granting Claimant's request to withdraw without first determining which entity was the liable employer, on the basis that the withdrawal prejudiced Accurate's ability to seek reimbursement from Williams for the medical bill that it had inadvertently paid. *Id.* The Board determined that once Claimant appropriately withdrew his claim petition, the WCJ was under no obligation to determine the liable employer. *Id.* The Board agreed that once the claim petition was withdrawn, "[t]he litigation ended at that point. Even though [Accurate] had also filed a [j]oinder [p]etition, that petition was rendered moot, as the [c]laim [p]etition [with which it]

5

was associated … was withdrawn." *Id.* The Board further determined that "the only prejudice to [Accurate] was created by itself when it erroneously paid the medical bills" even though it had filed an NCD the day before. *Id.* The Board declined to make any conclusions as to which employer was liable, as the issue was not before it. *Id.* Accurate then petitioned this Court for review.[4]

Accurate presents three related questions for our review, which may be summarized as follows: whether the WCJ erred or abused her discretion when she granted Claimant's request to withdraw his claim petition over Accurate's objection, when the withdrawal prejudiced Accurate's ability to seek reimbursement from Williams for a medical bill Accurate mistakenly paid.

Accurate argues that the Act is silent on whether a WCJ has discretion to grant or deny a claimant's motion to withdraw his claim petition. Accurate claims that in *Bigley*, our Supreme Court held that there is "implied authority" to accept a unilateral motion to withdraw. *Bigley*, 436 A.2d at 1177. Accurate also asserts that if implied authority exists to accept a unilateral motion to withdraw, implied authority must also exist to deny a withdrawal, when the withdrawal operates to prejudice the interests of another party. Accurate contends that even if Claimant's claim petition was appropriately withdrawn over Accurate's objection, the WCJ erred when she dismissed the joinder petition as moot. Accurate points to the Department's joinder regulation which permits, but does not require, a WCJ to sever a joinder petition. Accurate cites in support *3D Trucking Company, Inc. v. Workers' Compensation Appeal Board (Fine and Anthony Holdings International)*, 921 A.2d

---

[4] Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1318 n.4 (Pa. Cmwlth. 1996).

1281, 1287 (Pa. Cmwlth. 2007), which affirmed the WCJ's decision to treat a joinder petition "as a new claim petition filed on behalf of a claimant against a putative employer. The rule does not address the timing of disposition of a joinder petition and related petitions, leaving the matter to the reasoned discretion of a WCJ." In *3D Trucking*, the WCJ had already determined that 3D Trucking and Anthony Holdings were joint employers, 3D Trucking did not appear or object to the joinder petition filed by Anthony Holdings, and 3D Trucking failed to preserve any issues as to the timing of the joinder petition. *Id.* Accurate argues that *3D Trucking* does not require consolidation of a joinder petition with other related petitions, and that a pending joinder petition is not rendered moot if a claim petition is withdrawn over a party's objection.

Accurate further argues that due process entitles it to an adjudication on the issue of Claimant's employer, because without it, Accurate is left without a remedy to recoup the medical expenses that it mistakenly paid. Accurate submits that this Court should infer that the C&R Agreement was entered into in order to effectuate Williams' plan to escape liability. Accurate cites *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegman's Food Markets, Inc.)*, 206 A.3d 660 (Pa. Cmwlth. 2019) (*Armour II*), wherein our Court held that a C&R Agreement between a claimant and his employer could not release the employer from liability to a third-party medical provider, because the claimant was not the person holding that claim. Accurate claims that, following the same principles, Williams should not be able to use a C&R Agreement or the related withdrawal of Claimant's claim petition to deprive Accurate of its ability to seek

7

reimbursement for medical expenses.[5]   Accurate contends that the WCJ's error in dismissing Accurate's joinder petition as moot deprives Accurate of its only remedy to recover the mistaken payment from Williams.

Accurate further argues that the WCJ erred by finding that Accurate was prejudiced by its own actions of mistakenly paying the medical bill after it issued an NCD.  Accurate asserts that, instead, it was prejudiced by the WCJ's decision to grant Claimant's withdrawal and her decision to deny Accurate's joinder petition as moot.  Accurate submits that the WCJ is authorized to transfer and impose liability on the proper carrier for compensation when the wrong carrier has initially paid.  In support, Accurate cites *PMA Group v. Workers' Compensation Appeal Board (Nickles)*, 768 A.2d 917 (Pa. Cmwlth. 2001), where our Court held that the WCJ did not err when he ordered the Notice of Compensation Payable (NCP) to be amended to include the correct date of injury, which, in turn, made the secondary carrier liable for compensation, based on the applicable coverage period, and ordered reimbursement to the first carrier, which was not responsible for coverage on the corrected date of injury.  Accurate argues that the WCJ erred when she refused to admit Overbeek's deposition testimony, and when she permitted Williams to escape liability through the artifice of rendering Accurate's joinder petition moot through Claimant's withdrawal.

---

[5] Accurate argues in its brief that the evidence presented, as a matter of law, requires a conclusion that Williams was Claimant's employer because Williams had the authority to hire and fire Claimant, evaluate his performance, set his schedule and pay, and direct his work on site.  If so, then Accurate seeks an order requiring Williams to reimburse Accurate for the medical bill that it mistakenly paid.  Neither the WCJ nor the Board made findings or conclusions as to whether Accurate or Williams is Claimant's employer and neither will this Court.  "Where the WCJ failed to make findings integral to determining a matter on appeal to the Board, the appropriate course of action is to remand the matter to the WCJ to make those findings."  *Repash v. Workers' Compensation Appeal Board (City of Philadelphia)*, 961 A.2d 227, 232 (Pa. Cmwlth. 2008).

8

Williams responds that the WCJ did not err when she accepted Claimant's withdrawal and dismissed Accurate's joinder petition as moot, because *Bigley*, 436 A.2d at 1177, grants the WCJ the authority to accept a unilateral request to withdraw by a party prior to an adjudication or agreement. Williams agrees with the WCJ that any prejudice to Accurate was created by Accurate's voluntary, if mistaken, payment of Claimant's medical bill after Accurate had issued an NCD. Williams argues that the Act is intended to benefit the injured worker, not an employer that alleges that it mistakenly paid a bill, citing *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.)*, 834 A.2d 524, 528 (Pa. 2003). Williams claims that if the WCJ had denied Claimant's request to withdraw, the denial would have prejudiced Claimant, who voluntarily negotiated a C&R Agreement with Williams rather than pursue continued litigation.

Williams further responds that Accurate's joinder petition is derivative of Claimant's claim petition, and there is no independent cause of action that Accurate can file to establish liability of a denied claim against another employer. Williams points to the Department's joinder regulation, 34 Pa. Code §131.36, which permits joinder to a "pending petition," and gives the WCJ authority to sever a joinder petition, which is what the WCJ did here. Williams claims that *3D Trucking*, 921 A.2d at 1287, is distinguishable, because although our Court ruled that the Department's joinder regulation did not prohibit resolution of a joinder petition before other related petitions, it did not address whether a joinder petition could be resolved absent any related petitions. Williams further contends that the WCJ did not err when she concluded that Section 413 of the Act, 77 P.S. §771, did not apply here, when the Act provides no authority for Accurate to independently establish Claimant's employer without the existence of an NCP, which was not issued here.

9

Williams asserts that *PMA Group*, 768 A.2d 917, is distinguishable from this case because the ability to shift liability between carriers requires the existence of an NCP to amend or correct, which was missing here. Williams submits that *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (National Fire Insurance Company of Hartford)*, 192 A.3d 304 (Pa. Cmwlth. 2018) (*Armour I*), which is quoted in *Armour II*, is distinguishable from this case. In *Armour I*, our Court held that a C&R Agreement between the claimant and the employer could not release the employer from liability to a third party because the claimant does not hold that claim. *Id.* Importantly in *Armour I*, the provider had already secured a fee review determination that the employer owed the pharmacy for the services rendered, and the C&R Agreement deprived the pharmacy of due process. *Id.* Williams argues that, here, Accurate received no determination that either it or Williams was the responsible employer, leaving Accurate no independent right to seek payment from Williams.

The WCJ's failure to consider Accurate's joinder petition, and to determine whether Accurate or Williams is the responsible employer, is the precise source of her error here. Accurate promptly filed its joinder petition on the same day that it filed denials to Claimant's claim and penalty petitions. R.R. at 192a. Williams actively participated in this litigation from its receipt of the joinder petition to this appeal. Accurate's joinder petition was pending before the WCJ when she received Claimant's request to withdraw. *Id.* at 192a-93a.

After review of the procedural posture of this litigation before the WCJ, we conclude that Accurate was prejudiced when the WCJ granted Claimant's withdrawal, over Accurate's objection, before she admitted evidence and determined Claimant's responsible employer. The purpose of the Department's regulations

10

governing hearings "is to promote, consistent with fairness and due process, the orderly and expeditious determination of proceedings" before the WCJ under the Act. 34 Pa. Code §131.1(a). Additionally, "if another petition is pending before [the WCJ] at the time of the agreement of the parties to compromise and release the claim, any party may, in writing, request the [WCJ] to schedule a hearing on the proposed [C&R Agreement.]" 34 Pa. Code §131.57(c). The WCJ will treat this request as "an amendment of the pending matter to a petition to seek approval of a [C&R Agreement]." *Id.* The Department's regulations further provide that "[t]he evidentiary record is closed when the parties have submitted all of their evidence and rested or when the [WCJ] has closed the evidentiary record on a party's motion or the [WCJ's] own motion." 34 Pa. Code §131.101(c).

Here, the timing of the WCJ's granting Claimant's withdrawal before considering Accurate's pending joinder petition was in error because it failed to "promote, consistent with fairness and due process, the orderly and expeditious determination of proceedings" before the WCJ under the Act. 34 Pa. Code §131.1(a). The WCJ's decision denied Accurate the opportunity to be heard on the issue of Claimant's employer, without which it lacks a forum to seek reimbursement for the medical bill it mistakenly paid.[6] The WCJ erred when she, in effect, closed the record prematurely, before Accurate had the opportunity to submit "all of [its] evidence and rest[]," as required by the Department's regulation. 34 Pa. Code §131.101(c). Our Court's direction in *3D Trucking*, 921 A.2d at 1287, which leaves

---

[6] "Clearly, the Act makes no mention of a 'reverse claim petition' or in effect a claim petition filed by an employer." *MPW Industrial Services v. Workers' Compensation Appeal Board (Mebane)*, 871 A.2d 318, 322 (Pa. Cmwlth. 2005). Further, the Act imposes "exclusive liability on the employer for employee injuries sustained in the workplace." *Constructo Temps, Inc. v. Workers' Compensation Appeal Board (Tennant)*, 907 A.2d 52, 60 (Pa. Cmwlth. 2006), *aff'd*, 947 A.2d 724 (Pa. 2008).

the "timing of disposition of a joinder petition and related petitions" to the "reasoned discretion of a WCJ" further supports the need for remand here, so that the WCJ may admit evidence and enter a disposition on Accurate's pending joinder petition.

Our holding here is limited to the particular facts of this case, and we do not address a claimant's general ability to withdraw a claim petition. Our holding does not require Claimant to participate in this litigation against his will, nor do we ignore the remedial purpose of the Act, which is intended to benefit Claimant. *Hannaberry*, 843 A.2d at 528. The dispute which must be resolved on remand is whether Accurate or Williams is Claimant's employer, and which employer or insurer is responsible for the medical bill that Accurate paid to Main Line Health for Claimant's surgery.

Accordingly, the Board's order is reversed, and the matter is remanded to the Board for further remand to the WCJ for proceedings consistent with this memorandum opinion.

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Accurate Engineering           :
Solutions, LLC,               :
                              :
            Petitioner     :
                              :
          v.               : No. 485 C.D. 2021
                              :
John Anderson and Williams   :
Form Engineering (Workers'     :
Compensation Appeal Board),    :
                              :
          Respondents   :

## **O R D E R**

AND NOW, this 29th day of April, 2022, the order of the Workers' Compensation Appeal Board dated April 21, 2021, is REVERSED, and this matter is REMANDED to the Workers' Compensation Appeal Board for further REMAND to a Workers' Compensation Judge to conduct proceedings in accordance with the foregoing memorandum opinion.

Jurisdiction is relinquished.


_____
MICHAEL H. WOJCIK, Judge