<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Department of Human Services,   :
       Petitioner  :
            :
   v.         :
            :
Paul Huffman, Jr. (Workers'   :
Compensation Appeal Board),   : Nos. 921 & 922 C.D. 2022
       Respondent : Submitted: April 21, 2023

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, President Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge
     HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: July 27, 2023

   In these consolidated cases,[1] the Department of Human Services (Employer) petitions for review of an August 3, 2022 order of the Workers' Compensation Appeal Board (Board) affirming the order of a workers' compensation judge (WCJ) granting the petitions filed by Paul Huffman, Jr. (Claimant) seeking reinstatement of total disability benefits. Employer contends that Claimant failed to meet his burden of proof. Upon review, we affirm the Board's order.

---

   [1] Paul Huffman, Jr. (Claimant) suffered two work-related injuries – one on November 18, 2005, and the other on January 21, 2006. A workers' compensation judge (WCJ) rendered two identical decisions under separate docket numbers. The Board issued a single decision under two docket numbers. Board docket number A22-0206 relates to the November 18, 2005 injury, and Board docket number A22-0207 relates to the January 21, 2006 injury. Two separate petitions for review were filed with this Court. By order dated October 28, 2022, these cases were consolidated for disposition.

# I. Background

On November 18, 2005, Claimant, a Youth Development Aide Supervisor, sustained a work-related injury to his left knee and an injury to his left jaw temporomandibular joint. On January 21, 2006, Claimant sustained a second work-related injury, this time to his left eye and right knee. Both of these injuries were the result of assaults that occurred while Claimant was working in a juvenile detention center. In May of 2021, Claimant filed a reinstatement petition challenging the determination that his disability status changed from total to partial because it was based on an Impairment Rating Evaluation (IRE) done pursuant to former Section 306(a.2) of the Workers' Compensation Act (Act).[2]

The WCJ granted the reinstatement petition based on this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018). On appeal, the Board affirmed. Employer's appeal to this Court followed.

# II. Discussion

Before this Court,[3] Employer argues that Claimant failed to meet his burden of proving total disability. Employer suggests that the WCJ erred in crediting the testimony of Claimant's medical expert, Charles Cole, M.D., that Claimant was limited to "zero to one hour" of work per day, because that limitation "was just part

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, formerly 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111. Former Section 306(a.2) was declared unconstitutional in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 830 (Pa. 2017).

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

of the overall restrictions given by Dr. Cole," while other portions of his testimony indicated that Claimant "was NOT totally disabled." Employer's Br. at 10. We discern no merit in Employer's argument.

As this Court has frequently stated,

> [i]n workers' compensation cases, the WCJ is the ultimate fact-finder and therefore has exclusive province over questions of credibility and evidentiary weight . . . . The WCJ may accept or reject the testimony of any witness in whole or in part . . . . Further, it is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; our critical inquiry is whether there is evidence to support the findings the WCJ actually made.

*Smith v. Workers' Comp. Appeal Bd. (Supervalu Holdings Pa., LLC)*, 177 A.3d 394, 401 (Pa. Cmwlth. 2018) (*en banc*) (first citing *A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi)*, 78 A.3d 1233 (Pa. Cmwlth. 2013); and then citing *Furnari v. Workers' Comp. Appeal Bd. (Temple Inland)*, 90 A.3d 53 (Pa. Cmwlth. 2014)).

Here, Employer previously submitted an application for supersedeas seeking to stay its payment obligations pending the outcome of its petitions for review. In support of its application, Employer asserted the same burden of proof argument it now presents on the merits. In denying the stay, this Court explained:

> It is well established that a stay is warranted where an applicant: (1) makes a strong showing that the applicant is likely to prevail on the merits; (2) has shown that without the requested relief, the applicant will suffer irreparable injury; (3) establishes that issuance of a stay will not substantially harm other interested parties in the proceedings; and (4) establishes that the issuance of a stay will not adversely affect the public interest. *Pennsylvania Pub. Util. Comm'n v. Process Gas Consumers Grp. (Process Gas)*, 467 A.2d 805, 808-09 (Pa. 1983). The

3

applicant must make a strong showing on each of the above criteria in order for the stay to issue. *Id.* at 809.

As to the first criterion of *Process Gas*, Employer argues that it is likely to prevail on the merits because Claimant's evidence fails to satisfy the standard set forth by this Court in *Whitfield* because he is not totally disabled based on the credible testimony of Claimant's medical expert, [Dr.] Cole[]. Specifically, Employer claims that Dr. Cole stated that Claimant is capable of working with restrictions.

In *Whitfield*, this Court, citing the Supreme Court's decision in *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 642 A.2d 1083, 1085 (Pa. 1994), stated that when a claimant is seeking to reinstate benefits currently under suspension, "[a] claimant is not required to demonstrate with medical evidence that the work-related injury giving rise to the benefits continues; a claimant's testimony to that effect satisfies the claimant's burden of proof." *Whitfield*, 188 A.3d at 615. The claimant in *Whitfield* testified that she remained unable to work, and the employer did not present any evidence to the contrary. Because the workers' compensation judge did not make credibility determinations, this Court remanded and noted that, pursuant to *Latta*, if the claimant's testimony was credited, she would be able to satisfy her burden of proof . . . .

This case differs from *Whitfield* in that, in addition to Claimant testifying, both Claimant and Employer presented medical evidence. Claimant presented Dr. Cole's testimony, and Employer presented the testimony of Dr. Robert Grob and Dr. Brian Bora. However, the WCJ concluded that, to the extent that Dr. Grob's opinions are inconsistent with Dr. Cole's opinions, Dr. Grob's opinions are rejected. Further, the WCJ rejected Dr. Bora's opinions as not competent. Based on the evidence presented, the WCJ further found that Claimant "is totally disabled. Claimant's credible testimony is that he is totally disabled. The credible medical testimony is that he can perform works functions for 0 to 1 hour, which is, in essence, total disability." (WCJ's 02/23/2022 Decision, Finding of Fact No. 43). As the WCJ credited Claimant's testimony over any evidence that Employer presented to

4

the contrary, *Whitfield*, and also credited Dr. Cole's testimony that Claimant was, for all intents and purposes, totally disabled, this Court fails to see how the WCJ and the Board misapplied *Whitfield*. In the end, this case appears to amount to no more than a dispute over credibility determinations, which is a subject outside of this Court's scope of review. *See Bloom v. Workmen's Comp. Appeal Bd. (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1319 (Pa. Cmwlth. 1996) (this Court's scope or review does not permit the reversal of a workers' compensation judge's credibility determinations).

In summary, Employer has failed to make as strong showing that it is likely to prevail on the merits of its appeal and has thus failed to meet the first criterion of *Process Gas* . . . .

*Dep't of Hum. Servs. v. Huffman (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth. Nos. 921 & 922 C.D. 2022, filed Nov. 29, 2022), slip op. at 2-4.

Because Employer simply repeats the same argument we previously rejected in denying a stay, we likewise reject that argument on the merits. Accordingly, we affirm the Board's order granting Claimant's reinstatement petitions.

### III. Conclusion

Based on the foregoing discussion, the order of the Board is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Department of Human Services,     :
           Petitioner     :
            :
        v.     :
            :
Paul Huffman, Jr. (Workers'     :
Compensation Appeal Board),     :    Nos. 921 & 922 C.D. 2022
           Respondent     :

O R D E R

AND NOW, this 27th day of July, 2023, the order of the Workers' Compensation Appeal Board dated August 3, 2022 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge